[Civ. No. 21490. Second Dist., Div. Three. June 8, 1956.]

SAN GABRIEL VALLEY READY-MIXT (a Corporation), Respondent, v. HENRY A. CASILLAS, Appellant.

Clyde P. Harrell, Jr., for Appellant.

Paul T. Erskine for Respondent.

SHINN, P. J.—San Gabriel Valley Ready-Mixt, respondent, recovered judgment against Henry A. Casillas, appellant, in the amount of $2,924.67 as the balance unpaid for concrete sold and delivered to defendant.

Responsive to the allegations of the complaint the court found that on or about January 21, 1953, the parties entered into a written contract by which plaintiff agreed to furnish concrete for the construction of 307 houses, the quantity to be approximately 6,140 cubic yards at $9.45 per yard. The first delivery was made on or about February 2, 1953; April 21, 1953, by mutual oral agreement, the written contract was abandoned and the parties orally agreed upon the terms of a new contract under which the amount of concrete to be delivered would be only some 800 cubic yards and the price to be paid for the same $11.52 per yard; that the oral contract was substituted for the written one; prior to April 21, 1953, plaintiff delivered 125 cubic yards at $9.52 per yard; through September 1, 1953, plaintiff delivered 704 cubic yards at $11.52 per yard and defendant incurred a further indebtedness to plaintiff in the amount of $1,021.92 for "piers, sales tax, cartage and standby time." The total amount earned by plaintiff was $10,315.61 of which defendant had paid $7,390.94. It was further found that the written contract

was abandoned and abrogated on or about April 21, 1953. The findings as to quantities delivered were in accordance with stipulations at the trial. It was also stipulated that the only factual issue was whether the written contract had been abandoned and a new contract substituted in its place. This is the principal question on the appeal, defendant contending that there was insufficient evidence to justify the finding of a novation. The findings are criticized in other particulars.

In order to prove a novation it was necessary for plaintiff to establish an agreement with defendant to abandon and extinguish the written contract and to substitute therefor a new and valid contract (Civ. Code, §§ 1530, 1531), subject to all the rules concerning contracts in general (§ 1532).

There was evidence of the following facts: In March, 1953, De Martino, a salesman for San Gabriel Foothill Ready-Mixt, agent of San Gabriel Valley Ready-Mixt, told appellant there would be a shortage of cement and that they would be unable to meet defendant's demands except with cement imported from the north, and that they could not continue to furnish the same at the contract price, whereupon defendant replied "To hell with it; I will get it from someone else." During the following two weeks defendant purchased concrete from Consolidated and Jewel City. At that time cement shipped from the north was being sold locally at from $11.52 to $12.50 per yard. After a discussion of prices defendant requested De Martino to speak to Rodeffer, owner of San Gabriel Valley, and said that if the latter would come down in his price $1.00 per yard, to $11.52, defendant might buy from plaintiff. Shortly thereafter defendant was advised by De Martino that deliveries would be made at $11.52 per yard and defendant stated he would purchase the same at that price. Deliveries started immediately thereafter and were continued into the month of September. Plaintiff furnished statements twice a month showing quantities delivered, all of which were priced at $11.52 per yard, except for errors during the months of June and July when certain deliveries were inadvertently charged at $12.52 per yard. Defendant called attention to the errors and they were corrected. For the quantities so delivered defendant paid $128.12 on June 10, 1953, $967.52 on June 27, $4,452.60 on August 10 and $663.16 on August 27. He was fully aware of the prices being charged at the several times deliveries and payments were made. There was evidence that defendant did not object to the price of $11.52 per yard, and while defendant testified that he did

make objection we must assume that the court resolved the conflict in favor of plaintiff.

Defendant does not and could not deny that he agreed to pay the increased price. His contentions are that he did not abandon the contract or release plaintiff from it, and that therefore his agreement to pay the higher price was without consideration. In the absence of an agreement to substitute the oral contract for the written one defendant's agreement to pay the increased price would have been without consideration. ■ Unquestionably there was an agreement to pay the increased price but this alone would have been insufficient to effect a novation. (*Western Lith. Co.* v. *Vanomar Producers,* 185 Cal. 366 [197 P. 103] ; *Grant* v. *Aerodraulics Co.,* 91 Cal.App.2d 68 [204 P.2d 683].) The question for the trial court was whether each of the parties intended by discontinuing performance and entering into the new arrangement to release the other and to be released from the written contract. There was no express agreement for such releases. ■ The finding that releases were effected, which is implied in the finding of abandonment, rests upon the circumstances and the conduct of the parties from which their intentions were to be inferred. Among those circumstances were the following: Plaintiff informed defendant that it was allocated only three loads of cement per day from the available local supply and that it could not fill defendant's requirements; defendant thereupon pointedly announced that he would buy his concrete elsewhere, and proceeded to do so. This would not necessarily indicate an intention on defendant's part to release plaintiff from its contract. But defendant, finding himself losing money, renewed negotiations with plaintiff for future deliveries at an increased price and paid the same without objection. The question for us is not whether the court could have inferred from these facts that the parties did not agree upon an abandonment of the contract and it may well be that the court would have been warranted in reaching that conclusion. ■ The question is whether the court was required to infer there was no mutual intention to abandon. The intention of the parties was controlling. (*Producers Fruit Co.* v. *Goddard,* 75 Cal.App. 737 [243 P. 686] ; *Alexander* v. *Angel,* 37 Cal.2d 856 [236 P.2d 561].) The question of intention was one of fact and since we have no jurisdiction except as to questions of law we are bound by findings that are based upon reasonable inferences. (*Douillard* v. *Woodd,* 20 Cal.2d 665, 668 [128 P.2d 6].) ■ The law

will not permit one to avoid his obligations to sell and deliver property upon the sole ground that due to fluctuating supply and prices, he would lose money by fulfilling them. If the prices had gone below the contract price defendant would still have been bound by his contract. That the supply fell short and the price increased were events that plaintiff should have anticipated. Otherwise, such contracts would be worthless. We do not doubt that the trial court took these facts into consideration. Upon the other hand it was reasonable that the court should infer that when the parties agreed that plaintiff would make no more deliveries it was defendant's intention not to require further deliveries by plaintiff and that he considered himself freed from any obligation to accept deliveries if such were tendered. He would have had good reason for treating the agreement as terminated. If there was a mutual understanding that defendant could and would buy his concrete elsewhere and that neither party would demand further performance of the contract by the other, this would have effected an abandonment of the contract. Entering into a new oral contract under those circumstances would have effected a novation. (*Hooke* v. *Great Western Lbr. Co.*, 54 Cal.App. 681 [202 P. 492]; *Haberman* v. *Sawall*, 72 Cal.App. 576 [237 P. 776]; *Sistrom* v. *Anderson*, 51 Cal.App.2d 213 [124 P.2d 372].) We cannot say, as a matter of law, that the parties did not have an intention to substitute the oral contract for the written one.

Defendant criticizes the findings as being contradictory and insufficient. The criticism that they are contradictory is well-founded but when they are considered so as to make good sense they are not in our opinion insufficient. The court found the parties entered into an agreement under which plaintiff was to furnish 6,140 cubic yards of concrete at $9.45 per yard, as alleged in the complaint. The same facts were alleged in defendant's answer and the court found all these allegations to be untrue. They were also alleged in the cross-complaint filed by defendant and were found to be untrue. The court also found it was not true that after April 21, 1953, plaintiff failed to deliver concrete at $9.45 per yard or at less than $11.52 per yard, although it also found that 704 cubic yards were sold and delivered at $11.52 per yard which, of course, was a fact that was admitted by the pleadings and in the stipulated facts. We would treat these conflicts seriously were we not convinced from past experience with findings made by reference to certain paragraphs of the plead-

ings that the findings which are in favor of defendant were no doubt prepared by counsel while in a state of listless abstraction and unawareness of the facts to which they relate or their significance. ■ We, therefore, disregard the findings which, due to obvious inadvertence and inattention, are the opposite of other specific findings which fully support the judgment.

It is true, as defendant contends, that there was no direct finding as to the terms of the oral agreement but there is a finding of a given number of yards sold and delivered at $11.52 per yard from which it is to be understood that the parties agreed on that price.

Defendant had a cross-complaint for damages based upon alleged breach of the original contract by plaintiff. The findings in favor of plaintiff effectually dispose of the claims asserted by cross-complaint.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied June 22, 1956, and appellant's petition for a hearing by the Supreme Court was denied August 6, 1956.