C. L. REEVES, Appellant,

v.

Lyndel Puntenney HALL, Individually and d/b/a the Hall Company, Appellee.

No. 11651.

Court of Civil Appeals of Texas.

Austin.

Jan. 29, 1969.

Johnson, Jones, Clark & Sheppard, John E. Clark, Austin, for appellant.

Hal L. Nelson, Austin, for appellee.

O'QUINN, Justice.

Appellee brought this suit in district court to collect a real estate commission on the gross amount to be paid appellant under a contract of sale effected by appellee.

The trial court entered judgment awarding appellee $1,218 as commission together with interest and attorney's fees upon motions for summary judgment filed by both parties.

Appellant, owner and seller of the real estate, has appealed. We affirm judgment of the trial court.

Appellant Reeves placed a house and lot owned by him on the market early in 1966. Lyndel Puntenney Hall, a real estate broker, doing business as The Hall Company, obtained permission from Reeves to show the property. It is undisputed that Appellee Hall procured purchasers for the property who entered into a contract of sale with Reeves February 6, 1966, to buy the realty for $42,950.

The contract of sale executed by the purchasers and Reeves as seller, which the appellee also signed acknowledging receipt of the escrow money, contained the following provision covering the real estate commission:

"The usual 4 percent commission on the gross amount of the sale shall be paid by the Seller to The Hall Co. for effecting this contract of sale and the earnest money shall be applied toward the payment thereof * * *"

Under terms of the contract the purchasers agreed to assume an existing loan having a balance of $37,728. After credit for $50 paid as earnest money, the purchasers agreed to pay the balance of the purchase price with two notes, one in the sum of $2,500 due April 1 and the other in the amount of $2,672 due October 1, 1966.

Subsequently, Reeves as seller and the purchasers entered into a more detailed

"contract of purchase and sale" dated May 19, 1966, which contained the following paragraph having reference to the commission:

"10. The letter agreement by and between C. L. Reeves and Lyndel Hall, of even date herewith, and attached hereto as Exhibit 'A' is incorporated herein for all purposes to which reference is here made."

Lyndel Hall, appellee, was not a party to the contract of May 19, 1966. The "letter agreement" mentioned in paragraph 10 and attached as an exhibit is quoted:

"Mrs. Lyndel Hall

Dear Mrs. Hall:

The following constitutes our agreement regarding the sale of Lot 26, and adjoining 46.55 feet of Lot 27, Highland Hills, Section 7, Phase 1, City of Austin, to Terence Spring and wife, Vera Vivian Spring. I will pay you as commission on the above described sale the following:

Four per cent (4%) of the total purchase price of $42,950.00, being $1,718.00, to be paid as follows:

(A) The $50.00 paid as down payment by Terence Spring et ux, upon the execution of the Contract of Sale by and between Terence Spring et ux and myself.

(B) The sum of $834.00 to be paid upon the receipt by me of the $2,500.00 due and payable on or before the 1st day of April, 1966, from Terence Spring et ux; and

(C) The sum of $834.00 to be paid upon the receipt by me of the $2,672.00 due and payable on or before the 1st day of October, 1966, from Terence Spring et ux.

If you are in agreement with the above, please execute at the bottom left hand corner of this letter and return the original to me, keeping the duplicate original for your files.

Very truly yours,

/s/ C. L. Reeves
C. L. REEVES

ACCEPTED on this the 19th day of May, 1966.

LYNDEL HALL"

The parties are in agreement that Lyndel Hall did not sign indicating her acceptance of the "letter agreement" attached to the contract of May 19 between Reeves and the purchasers. Reeves sent a copy of the contract to Lyndel Hall for her approval of the "letter agreement" attached as Exhibit "A", but appellee did not sign or return the letter to Reeves.

After payment of approximately $1,500 on the contract of sale, the purchasers defaulted and no further payments were received by Reeves. By the early part of October, 1966, Reeves had paid Lyndel Hall $500 on the commission. In February, 1967, Lyndel Hall made written demand on Reeves for the balance of the total commission of $1,718 prior to filing suit.

Appellant Reeves presents three points of error. Reeves contends the claim for commission was resolved by accord and satisfaction; that appellee waived her right to receive the commission in any manner except as a contingent and pro rata share of cash payments made by purchasers; and that appellee is estopped to assert her claim to receipt of the commission in any other manner.

Payment made to appellee of $500 on the commission was made in three installments. The first payment consisted of the $50 in earnest money received when the contract of sale was executed in February, 1966. The second payment was June 6, when Reeves sent a check for $253.60 to appellee after the purchasers had paid Reeves $1,000. Thereafter appellee employed a lawyer who advised Reeves that appellee had "more money coming." On September 29 Reeves

sent an additional check for $196.40 and urged appellee to cash that check and also the check sent her in June (which appellee had not cashed) "* * * because after a check is outstanding for a period of six months my accountant automatically cancels all outstanding checks, therefore we would just have to start all over."

Appellee deposited the two checks October 4 and thereafter received no further payments on the commission.

Reeves also stated in the letter of September 29 to Lyndel Hall, "Your commission is a total of $1,718.00 and my part [from the $5,222.00 in two purchasers' notes] is $3,504.00. As you can see by these figures I have approximately ⅔ of all money's collected coming and you have approximately ⅓ coming."

At the time Reeves wrote Lyndel Hall in September the purchasers were still in possession of the property, and Reeves advised appellee that as long as the property was kept in very good condition he would work with the purchasers "as much as possible."

It is the position of Appellant Reeves that the controversy as to the amount of the commission and the conditions affecting payment of the commission "was resolved when [Reeves] tendered his second check with his letter of September 29, 1966, and appellee cashed both checks in accordance therewith."

■ Reeves wrote the letter of September 29 nearly eight months after appellee had fully performed under the contract of February 6 by which she was to receive a commission amounting by calculation to $1,718. There is no dispute that Lyndel Hall was the procuring cause of the sale, which is the basis for her claim to a commission. Green v. Gladden, 369 S.W.2d 69 (Tex.Civ.App., Fort Worth, no writ); 9 Tex.Jur.2d, Brokers, sec. 38, p. 727. The agreement between Reeves and Lyndel Hall that Reeves would pay a commission, which was written into the contract of sale dated

February 6, was sufficient and complied with provisions of the statute requiring the commission contract to be in writing. Bridwell v. Sandefur, 341 S.W.2d 710 (Tex. Civ.App., Waco, writ dsmd.); Article 6573a, sec. 28, Vernon's Ann.Civ.Sts.

By affidavit Reeves stated that "at the time" the contract of February 6 "was entered into" there was an oral agreement between appellant and appellee that the commission "should be paid from a pro-rata part of the funds" collected from the purchasers "over and above the amount of the loan assumed by them * * *"

■ An oral understanding affecting payment of the commission at the time the written contract was entered into was ineffective unless incorporated in the writing. Article 6573a, sec. 28. An oral modification of a written contract for a broker's commission is void if it does more than merely extend the time of the agency. Dickey v. Bird, 366 S.W.2d 859 (Tex.Civ. App., Amarillo, writ ref. n. r. e.).

■ Reeves attached a "letter agreement" to the second contract of sale dated May 19, more than three months after execution of the contract under which the commission was earned. The "letter agreement," which we have set out above in full, was never agreed to by Lyndel Hall, nor was she a party in any capacity to the second contract of sale dated May 19. Even if the "letter agreement" could be considered a modification of the contract of February 6, the burden was on Reeves to show that the proposed modification not only was made known to Lyndel Hall but that she accepted its terms. Stowers v. Harper, 376 S.W.2d 34 (Tex.Civ.App., Tyler, writ ref. n. r. e.); American Brake Shoe Company v. B. F. Coombs Co., 418 S.W.2d 841 (Tex.Civ.App., Corpus Christi, writ ref. n. r. e.)

■ The claim Lyndel Hall had against Reeves was liquidated and without dispute. The amount could be calculated

from the undisputed provisions of the written contract of February 6, 1966, executed by Reeves with his purchasers and accepted by Lyndel Hall by her signature and receipt of the $50 in earnest money. Payment of sums amounting to less than the liquidated claim, even if intended by Reeves to be in full settlement, was without consideration supporting an accord and satisfaction. Ortiz Oil Co. v. Geyer, 138 Tex. 373, 159 S.W.2d 494 (1942). Acceptance of a lesser sum than the total claim will not support accord and satisfaction when the claim is liquidated and undisputed. Grindstaff v. North Richland Hills Corp. No. 2, 343 S.W.2d 742 (Tex.Civ.App., Fort Worth, writ ref. n. r. e.).

Reeves contends that because Lyndel Hall on October 4 cashed the check she had received in June, as well as the check of September 29 which was accompanied by Reeves' letter suggesting appellee was entitled to only one-third of sums he received from the purchasers, the debt was extinguished by accord and satisfaction. In the case of a liquidated claim, an accord and satisfaction is a contract substituted for the contract giving rise to the claim. The substituted contract must be complete within itself, based upon consideration as in the making of any other contract. Wilson v. Woolf, 274 S.W.2d 154 (Tex.Civ.App., Fort Worth, writ ref. n. r. e.).

Appellant also urges waiver and estoppel to defeat the claim of appellee.

To sustain appellant's contention that appellee waived her right to the full commission, it must be established that she so intended. It must be manifest from the words, acts, or conduct of appellee that she unmistakably intended no longer to assert the right she already had under her contract with appellant. Stowers v. Harper, supra. We do not find that appellee manifested any intention to waive her right to the full commission. Upon receipt of the check from appellant in June and copy

of the "letter agreement," she declined to cash the check or to sign the "letter agreement," but hired a lawyer.

Appellee's attorney, not of counsel in this appeal, called appellant by telephone insisting appellee was entitled to more money from the sums already received by Reeves. The attorney also wrote a letter to the purchasers requesting them to make future payments payable to both appellant and appellee. Appellant relies in part upon the letter to the purchasers to show appellee's intent to waive her right to the full commission.

Appellant quotes from the attorney's letter to the purchasers, dated September 7, 1966, as follows:

"Since the payments have not been made according to schedule, a total of only $1,500 has been received to date by Mr. Reeves. It is apparent from the above that both parties contemplated that Mrs. Hall was to receive one third of such moneys paid under the contract until the total amount of her commission had been received. According to my calculations, Mrs. Hall has to date received $50 plus a check for $253.60, or a total of $303.60 instead of the $500 that she should have received to date."

The attorney's letter to the purchasers also stated, "As you know, the contract specified that Mrs. Hall is to receive a 4 per cent commission on the sale price."

It is settled that estoppel does not arise unless the acts, words, or conduct relied on to establish estoppel have misled the other party to his detriment, or have caused him to waive a right he had. The conduct or words must have caused the other party to have acted in a way different from the way he would have acted otherwise and to his prejudice. Stowers v. Harper, supra, and authorities cited, 376 S.W. 2d 34, 40.

We find nothing in the record to indicate that appellant was misled to his

detriment or waived any right he had because of the words or acts of appellee.

The judgment of the district court is in all things affirmed.

Affirmed.