**Hugh E. PRATHER, Jr., Appellant,**

v.

**CITIZENS NATIONAL BANK OF DALLAS, Appellee.**

**No. 5986.**

Court of Civil Appeals of Texas, Waco.

May 31, 1979.

Rehearing Denied June 21, 1979.

Robert H. Holmes, Logan Ford, Logan Ford & Associates, Dallas, for appellant.

W. Ted Minick, Winstead, McGuire, Sechrest & Trimble, Dallas, for appellee.

## OPINION

JAMES, Justice.

This is a suit brought by Plaintiff-Appellee Citizens National Bank of Dallas against Defendant-Appellant Hugh E. Prather, Jr. on a guaranty agreement. Prather along with George H. Cramer and John W. Beatty guaranteed the note of the G. H. Cramer Company, Inc., dated July 15, 1975, in the principal amount of $112,000.00. After jury trial, Plaintiff Bank filed a Motion for Judgment Notwithstanding the Verdict, which motion the trial court sustained, whereupon judgment was entered in favor of the Bank against Prather for $112,000.00 plus 10% interest per annum from and after July 15, 1975 until paid, plus attorneys' fees in accordance with the jury verdict. The Bank's judgment was joint and several against Prather, Beatty, and the G. H. Cramer Co., Inc. George H. Cramer individually was severed out of the case because he had been adjudged a bankrupt prior to the entry of the trial court's judgment. Defendant Prather alone appeals from said judgment.

Trial was to a jury which found, or failed to find, as the case may be, as follows:

(1) Reasonable and necessary attorneys' fees incurred, and to be incurred, by Plain-

tiff Bank in connection with its efforts to collect the note in question are:

(A) $7000.00 through the trial court;

(B) $2000.00 to be incurred if this case is appealed to the Court of Civil Appeals; and

(C) $1000.00 to be incurred if this case is appealed to the Supreme Court of Texas.

(2) On or about July 15, 1975, Mr. Thomas E. Jones, Chairman of the Board and acting for and in behalf of Plaintiff Bank, agreed with Prather to accept a $28,000.00 payment in full settlement and release of Prather's liability under the guaranty agreement in question.

(3) On or about July 15, 1975, the agreement of Prather to pay to Plaintiff Bank $28,000.00 and the Bank's acceptance of the $28,000.00 payment was intended by the parties hereto as an accord and satisfaction of Prather's liability under the guaranty agreement in question. "Accord and satisfaction" was defined by the trial court.

(4) The jury failed to find that the transaction was not actually a loan to G. H. Cramer Co., Inc., a corporate entity, but was rather a subterfuge or device on the part of Plaintiff Bank to conceal a usurious loan to the three individual guarantors, to wit, Prather, Beatty, and Cramer.

As stated before, Plaintiff Bank filed a motion to disregard the jury's answers to Special Issues Numbers 2 and 3, which motion the trial court sustained; and pursuant thereto, the trial court entered judgment in favor of Plaintiff Bank against Prather for $112,000.00 plus interest and attorneys' fees.

Defendant-Appellant Prather complains of the trial court's disregarding of the jury's answers to Special Issues Numbers 2 and 3, as above set out, and says that the jury verdict (particularly the jury's answers to special issues 2 and 3) entitles him to a judgment that the Bank take nothing against him. Appellant further asserts that the record establishes as a matter of law that on July 15, 1975, the date of his payment of $28,000.00 to Plaintiff Bank, he (Prather) (1) was insolvent, or seriously embarrassed financially; (2) his insolvency and

financial embarrassment was known to Plaintiff-Appellee Bank on said date; and (3) the Bank accepted Prather's $28,000.00 payment on said date in consideration of his insolvency and his seriously embarrassed financial condition, in full settlement and release of Prather's liability under the guaranty agreement in question. We do not agree with Prather's contentions.

Defendant-Appellant Prather and Defendants Cramer and Beatty were all general partners in a limited partnership known as Hospital Associates, Limited. Dr. Pollard was a fourth and limited partner. The general partners and their respective interests in the partnership were: Cramer 40%, Beatty 40%, and Prather 20%. To buy out Dr. Pollard's interest in said limited partnership, the Cramer Company, a corporation, borrowed $140,000.00 from Plaintiff Bank on April 12, 1974, evidenced by a ninety-day note executed by the Cramer Company to said Bank in the principal amount of $140,000.00 dated April 12, 1974. Prather, Beatty, and Cramer individually each executed joint and several guaranty agreements to Plaintiff Bank, guaranteeing payment of said debt. Thereafter, some interest payments were made, and the note was renewed several times.

On or about July 15, 1975 Prather made a payment of $28,000.00 on the principal of said note, thereby reducing the principal amount of said note to $112,000.00. Prather obtained the $28,000.00 by obtaining a loan in said amount from Park Cities Bank and Trust, wherein in said last-named bank Prather was a director. The testimony surrounding this payment is controverted. Prather testified that on July 15, 1975, he was insolvent and seriously financially embarrassed, because he said he owed at that time about a half million dollars more than the value of his assets. Prather further testified that on July 15, 1975, Thomas E. Jones, Chairman of the Board of Plaintiff Bank, explained to Prather that he was in a great deal of trouble over the loan, and that if Prather could borrow the money and reduce the loan by $28,000.00, it would be very helpful; that Jones told Prather if he

would borrow from the Park Cities Bank where Prather was a director, that he, Jones, would take the $28,000.00 loan back into his Bank within a period of 30 to 60 days. This request by Jones to borrow $28,000.00 and his agreement to take the loan back into his Bank within 30 to 60 days was confirmed by two officers of the Park Cities Bank; however, Park Cities Bank never thereafter demanded that Plaintiff-Appellee Bank take back the loan. Prather further testified that Jones told him, Prather, that this $28,000.00 would constitute satisfaction of Prather's portion of the obligation, that is to say, that Prather would be fully released from his guaranty obligation. On the other hand, Plaintiff-Appellee Bank's testimony was to the effect that Jones requested payment on the principal from each of the three partners, that Jones did not specify any amount of payment requested from Prather, and that any offer of severance of Prather from his joint and several liability on the obligation was specifically contingent on payment or collateralization by each partner on each respective share. In other words, the Bank's testimony was to the effect that Jones never promised to release Prather unless the entire debt was either paid or sufficiently secured by collateral.

On July 15, 1975, the same date that Prather paid the $28,000.00 to Plaintiff-Appellee Bank, the G. H. Cramer Company, Inc. gave to Plaintiff-Appellee Bank its 90-day renewal note in the principal amount of $112,000.00. At the maturity of this last-mentioned note, Plaintiff-Appellee Bank made demand upon the Cramer Company and each of the guarantors to make payment on the note. No payment was made by any of the parties thereto, and the instant suit was brought.

Appellant Prather argues that the trial court erred in disregarding the jury's answers to Special Issues Numbers 2 and 3; that such jury's answers establish and constitute a full release of his obligation to the Bank, and an accord and satisfaction thereof. To the contrary Appellee Bank asserts that Prather's payment of $28,000.00 on an agreement guaranteeing a note in the amount of $140,000.00 constitutes a payment of less than that to which Appellee Bank was entitled; therefore, this $28,000.00 payment cannot, as a matter of law, constitute a release or an accord and satisfaction as found by the jury in answer to Special Issue Numbers 2 and 3. We agree with Appellee's argument.

The old common law rule which has been followed in Texas since early times is as follows: The mere payment of part of a debt which is undisputed is not a sufficient consideration to support a promise to accept the same in full payment of the debt, and does not bar the creditor's suit to recover the balance. *Silvers Box Corp. v. Boynton Lumber Co.* (Eastland, Tex.Civ.App.1927) 297 S.W. 1059, writ refused; *Baker v. Coleman Abstract Co.* (Austin, Tex.Civ.App. 1923) 248 S.W. 412, no writ; *Reeves v. Hall* (Austin, Tex.Civ.App.1969) 437 S.W.2d 424, no writ; *Pickering v. First Greenville National Bank* (Dallas, Tex.Civ.App.1973) 495 S.W.2d 16, NRE; 1 Tex.Jur.2d, "Accord and Satisfaction," par. 14, p. 218.

However, among the exceptions to this rule is the "known insolvency of the debtor" exception. This exception was recognized and applied by our Supreme Court in *Pugh v. Turner* (1946) 145 Tex. 292, 197 S.W.2d 822, 172 A.L.R. 707. In *Pugh*, wherein there were jury findings that the holder of notes agreed to accept in full satisfaction of debt whatever proceeds were received from sale of farm machinery and wheat crop, that creditor accepted proceeds from sale in full payment, that maker was insolvent as the holder of the notes knew, that holder accepted the proceeds from sale of the machinery in consideration of maker's insolvency, it was held that such findings constituted a new and sufficient consideration for the creditor's promise to release the debt, and thereby an accord and satisfaction was upheld. That is to say, the court upheld the agreement to release the debtor, as the facts as above found by the jury were sufficient to raise the issue of accord and satisfaction. See *City of San Antonio v. Guido Bros. Construction Co.* (Beaumont, Tex.Civ. App.1970) 460 S.W.2d 155, 166, NRE; *Unit-*

ed States Gypsum Co. v. Sampson (Amarillo, Tex.Civ.App.1973) 496 S.W.2d 687, 692, no writ; 1 Tex.Jur.2d, "Accord and Satisfaction," par. 20, p. 222.

█ In the case at bar, the common law rule applies unless said case falls within the "known insolvent debtor" exception hereinabove pointed out. In other words, the promise of Jones (acting for Plaintiff Bank) to release Prather from the entire $140,-000.00 debt by Prather's part payment of $28,000.00 is not supported by consideration as a matter of law, and therefore the agreement to release Prather as well as the accord and satisfaction are not valid and therefore fall, unless the "known insolvent debtor" exception applies. Appellant contends that the record conclusively establishes as a matter of law that (1) Prather was insolvent or seriously financially embarrassed on or about July 15, 1975, (2) which was known to Plaintiff-Appellee Bank on such date, and (3) said Bank accepted Prather's $28,000.00 payment on said date in consideration of Prather's insolvency and his seriously embarrassed financial condition, in full settlement and release of Prather's liability under the guaranty agreement in question. We do not agree that the record conclusively establishes these facts, because the testimony is disputed and contradictory concerning these matters. The only testimony concerning Prather's asserted insolvency came from Prather himself, unsupported by any other evidence. Moreover, Mr. Marshall, Vice President and Loan Officer of Park Cities Bank, testified that when his bank made the $28,000.00 loan to Prather, unsecured by any collateral from Prather, that "we felt comfortable with the loan." Also, Marshall's testimony further shows that Prather paid off the $28,000.00 in full to Park Cities Bank. This evidence contradicts Prather's uncorroborated assertion that he was insolvent at the time in question. There is no evidence in the record that Plaintiff-Appellee Bank knew of Prather's alleged insolvency or regarded the alleged insolvency as consideration for the Bank's agreement to release Prather.

█ Since the evidence bearing upon Prather's alleged insolvency is disputed, if Defendant-Appellant Prather sought to rely upon this "known insolvent debtor" exception to the common law rule as a defense, then Prather had the burden to request special issues for submission to the jury setting out the elements of this defense, and to object to the trial court's failure or refusal to submit such issues to the jury. This Appellant failed to do; and thereby Appellant has waived this defense. Rule 279, Texas Rules of Civil Procedure; Strauss v. La Mark (Tex.1963) 366 S.W.2d 555, 557; Woo v. Great Southwestern Acceptance Corp. (Waco, Tex.Civ.App.1978) 565 S.W.2d 290, 299, NRE; Cochran v. American Savings and Loan Ass'n of Houston (Waco, Tex.Civ.App.1978) 568 S.W.2d 672, 676, NRE.

Appellant has other points and contentions, all of which we have carefully considered, and we overrule same as being without merit.

In the case at bar, we are of the opinion and hold that the trial court properly disregarded the jury's answers to Special Issues Numbers 2 and 3, because the Bank's promise to release Prather in return for Prather's part payment was not supported by consideration, nor was the accord and satisfaction supported by consideration. This being so, we affirm the trial court's judgment.

AFFIRMED.