Leonard BLAYLOCK, III, Appellant,

v.

Ted M. AKIN, Appellee.

No. 8877.

Court of Civil Appeals of Texas, Texarkana.

May 29, 1981.

Rehearing Denied July 7, 1981.

**208**

Earl Rutledge, Law Offices of Earl Rutledge, P. C., Fort Worth, for appellant.

Richard A. Sayles, Carrington, Coleman, Sloman & Blumenthal, Dallas, for appellee.

CORNELIUS, Chief Justice.

This is an appeal from a summary judgment. Blaylock sued Akin for damages for breach of an alleged agreement to settle a judgment debt. Upon Akin's motion the district court granted summary judgment

that Blaylock take nothing and that Akin recover his costs. Blaylock appeals.

The summary judgment proof consisted only of the depositions of both Blaylock and Akin. From them certain undisputed facts are shown: On May 3, 1971, Akin obtained a judgment against Blaylock in the sum of $2,059.48, together with $26.00 cost of court and interest from date at 6% per annum. In January of 1978, Blaylock's attorney, John Curtis, approached Akin seeking to satisfy the judgment debt. From that point on the depositions present differing versions of the facts. Blaylock's testimony was that he had several outstanding judgments against his corporation and himself as guarantor in addition to the judgment held by Akin. Late in 1977 he made a financial comeback he described as a "financial home run" which allowed him to begin to retire his obligations. He testified that "I owed the money and never went bankrupt and kind of hung in there and when I made a financial comeback, I turned funds over to John Curtis and instructed him to clear up the debts." After Curtis's initial contact with Akin, Curtis reported to Blaylock that he had a firm settlement agreement whereby Akin agreed to accept the original principal of the judgment without attorney's fees and court costs, which would be $1450.00. A cashier's check for that amount, plus a form releasing the judgment, was sent to Akin. Some 30 to 40 days later Akin called back and said that he had found his file and discovered that the judgment was for $1805.00. Blaylock said he understood that the $1805.00 amount represented the principal, plus attorney's fees and court costs. Blaylock testified that he then agreed to pay the additional $355.00 and thereafter went to Akin's office where Akin agreed to accept the additional amount and release the judgment. Blaylock left a blank check with Akin which he said Akin was to fill in with the exact amount of the judgment over $1450.00, contact Curtis and tell him the amount, and send the release to Curtis when the check cleared. Curtis then told Akin to cash the $1450.00 check and that he would look for the release.

Akin's deposition testimony was that he never made an agreement to take less than the full amount of the judgment. He said that he may have stated at first that he would accept the full amount of the judgment principal in satisfaction of the debt, but that no agreement was reached as to what the dollar amount was. He could not remember the exact amount and could not find his file. He received a cashier's check from Curtis for $1450.00, together with a form to be signed to release the judgment lien. He called Curtis and told him he would not accept the check as the full amount of the judgment. Curtis told him to go ahead and cash it and they would come up with any difference. Akin cashed the check but did not sign the release. When Akin found his file he contacted Curtis and told him he wanted the total amount of the judgment, including attorney's fees and interest, amounting to some $2,700.00. He said that he changed his mind and decided he wanted the full amount of the judgment rather than only the principal because Blaylock had called his office numerous times and had become very belligerent.

The trial judge concluded that the judgment debt was a liquidated demand, there was no consideration for an agreement to accept less than the full amount of the debt, there was no estoppel, and the purported agreement to release the judgment would in any event be unenforceable because it was in violation of the statute of frauds. Based upon those conclusions, summary judgment was rendered for Akin. Blaylock contends that the judgment was improper because there were at least fact issues on the questions of a valid agreement, accord and satisfaction, and estoppel, which if found in his favor would entitle him to judgment.

■ To constitute a valid and enforceable agreement to accept less than the full amount due on a debt, the agreement must amount to a novation or to an accord and satisfaction, or the creditor must have been guilty of some conduct which, if relied upon by the debtor, would wrongfully prejudice him if the creditor is allowed to repudiate his agreement or representation.

■ Both a novation and an accord must be supported by consideration to be enforceable. *Motheral v. Motheral*, 514 S.W.2d 475 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.); *Pickering v. First Greenville National Bank*, 495 S.W.2d 16 (Tex.Civ.App.—Dallas 1973, writ ref'd n. r. e.); *Grindstaff v. North Richland Hills Corporation No. 2*, 343 S.W.2d 742 (Tex.Civ. App.—Fort Worth 1961, writ ref'd n. r. e.); 1 Tex.Jur.2d Accord and Satisfaction § 10, p. 216; *San Gabriel Valley Ready-Mixt v. Casillas*, 142 Cal.App.2d 137, 298 P.2d 76 (1956); 41 Tex.Jur.2d Novation § 9, p. 555; 66 C.J.S. Novation § 11, p. 693; § 12, p. 695. The summary judgment proof in this case is devoid of any evidence which would support a finding of a valid consideration for the alleged agreement. Forbearance of bankruptcy or the known insolvency of the debtor may constitute such consideration, but they are not shown here. *Prather v. Citizens Nat. Bank of Dallas*, 582 S.W.2d 903 (Tex.Civ.App.—Waco 1979, writ ref'd n. r. e.); *Turner v. Pugh*, 195 S.W.2d 374 (Tex. Civ.App.—Amarillo), *rev'd on other grounds*, 145 Tex. 292, 197 S.W.2d 822 (Tex. 1946); *Brown Shoe Co. v. Beall*, 107 S.W.2d 456 (Tex.Civ.App.—Texarkana 1937, no writ); *Rotan Grocery Co. v. Noble*, 36 Tex. Civ.App. 226, 81 S.W. 586 (1904, writ ref'd); 1 Tex.Jur.2d Accord and Satisfaction § 14, pp. 218–220; § 17, pp. 221, 222. There is no evidence that Akin knew Blaylock to be insolvent at the time of the alleged agreement. Blaylock himself never testified to that fact, although he said that during the time preceding his financial comeback he never went bankrupt. The evidence, in fact, shows Blaylock was not insolvent at the time of the alleged agreement. He testified that his financial comeback brought him the funds with which he could begin negotiations to clear up his debts. Further, if Blaylock did in fact refrain from filing for bankruptcy, it was on his own volition. By the time he entered into his alleged agreement with Akin, he was in the financial position where he could begin to clear up his debts on his own without bank-

ruptcy proceedings. There is no evidence that either forbearance from the filing of bankruptcy or Blaylock's alleged insolvency were considered as part of an agreement with Akin.

Neither would Blaylock's agreement to make "prompt payment after many years without payment" constitute consideration for the alleged agreement. It would merely be an agreement to pay an obligation already owed. See: *Stone v. Morrison & Powers*, 298 S.W. 538 (Tex.Com.App.1927, holding approved); *Pasadena Police Officers Ass'n v. City of Pasadena*, 497 S.W.2d 388 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n. r. e.); *Signs v. Bankers Life & Casualty Co.*, 340 S.W.2d 67 (Tex. Civ.App.—Dallas 1960, no writ); 13 Tex. Jur.2d Contracts § 63, p. 203.

▉▉ Furthermore, an accord and satisfaction must involve a settling of an unliquidated and disputed amount. The mere payment and acceptance of a sum of money less than the amount of an *undisputed* indebtedness in full satisfaction of the debt does not constitute an accord and satisfaction and does not bar the creditor's suit to recover the balance due. *Reeves v. Hall*, 437 S.W.2d 424 (Tex.Civ.App.—Austin 1969, no writ); *Wilson v. Woolf*, 274 S.W.2d 154 (Tex.Civ.App.—Fort Worth 1954, writ ref'd n. r. e.); *Silvers Box Corporation v. Boynton Lumber Co.*, 297 S.W. 1059 (Tex.Civ. App.—Eastland 1927, writ ref'd). There was no dispute in this case as to the amount of the debt. Indeed, both parties in their pleadings and briefs agree that the amount of the debt was $2,059.48, plus $26.00 costs, together with interest from date at 6% per annum. That is a liquidated and undisputed amount. The fact that at one time the parties did not know or remember the exact amount of that debt would not render it disputed and unliquidated.

▉ The summary judgment proof likewise does not raise fact issues on the essential elements of estoppel. Estoppel does not arise unless acts, words or conduct relied on to establish it have misled the other party to his detriment or have caused him to waive some right that he had.

*Reeves v. Hall*, supra. Blaylock states in his response to the motion for summary judgment that he made payment in reliance on Akin's representations and promises, but that constituted no detriment to Blaylock, because he admittedly owed the debt. Furthermore, he has not waived any right of his to claim bankruptcy, because that right, if available, would still be available to him regardless of any promise or conduct on the part of Akin.

We agree with the trial court that, according to the summary judgment proof, Blaylock has failed to raise a genuine issue of fact as to one or more of the essential elements of his cause of action, and that a take nothing judgment was proper.

The judgment is affirmed.