Jack K. JEANES, Appellant,

v.

Paul M. HAMBY, Charles Shaver, and R.L. McSpedden, Appellees.

No. 05–83–00452–CV.

Court of Appeals of Texas, Dallas.

Oct. 30, 1984.

Rehearing Denied Jan. 21, 1985.

---

1. Tex.Sup.Ct.Journal, Vol. 28 p. 31, Oct. 20, 1984.

C. Wesley Jeanes, Richardson, for appellant.

David M. Kendall, Debora Beck Williams, Austin, Gary R. Stephens, Dallas, for appellees.

Before AKIN, SPARLING and GUILLOT, JJ.

AKIN, Justice.

Jack K. Jeanes appeals a summary judgment declaring that Jeanes released Paul M. Hamby and Charles C. Shaver from liability on a prior judgment obtained by Jeanes on a note of indebtedness against them and others. Additionally, Jeanes appeals a finding that Jeanes' counterclaim for fraud against Hamby, Shaver, and R.L. McSpedden was precluded as a matter of law by the affirmative defenses of res judicata and the statute of limitations. By cross-point, Hamby and Shaver contend that the trial judge erred in failing to grant them summary judgment against Jeanes on their breach of contract claim based upon releases of the prior judgment executed by Jeanes. We hold that the trial judge properly rendered summary judgment against appellees on their breach of contract claim because the releases were not supported by consideration. We also hold that the trial judge erred in declaring valid and binding the releases, signed by Jeanes, which purported to relieve Hamby and Shaver of their judgment debt to Jeanes. Additionally, we hold that the court erred in summarily ordering that Jeanes take nothing for damages allegedly resulting from appellees' fraud because neither res judicata nor the statute of limitations precludes Jeanes' suit. Consequently, we affirm the judgment with respect to the denial of appellee's breach of contract claim against Jeanes but reverse and render the judgment with respect to the void releases. As to Jeanes' suit for fraud, the judgment is reversed and remanded for trial.

Appellees were guarantors on a note which evidenced a $150,000 loan made by Jeanes to Gar-Dal, Inc., a company in which the appellees were shareholders. Gar-Dal defaulted on the note. Jeanes sued Gar-Dal and its five shareholders, including the appellees, who had personally guaranteed payment of the note. In that lawsuit, Jeanes recovered judgment against all opposing parties. In that same cause of action, the appellees in this case won a judgment of indemnity against the two other shareholders for their liabilities to Jeanes. Thereafter, Jeanes attempted to collect on his judgment by numerous means, including garnishment of appellees' judgment of indemnity against O.K. Jones, one of the other Gar-Dal shareholders.

The present appeal arose when appellees intervened in a garnishment suit brought by Jeanes against Jones seeking satisfaction of his judgment against appellees. Appellees alleged in their plea in intervention, later severed from the garnishment proceeding, that Jeanes' judgment against appellees on the note had been extinguished when Jeanes garnished appellees' judgment of indemnity against Jones. However, before this cause of action was severed, Jeanes executed two documents, referred to as releases, wherein he promised to forego all legal recourse against appellees Hamby and Shaver, including his efforts to collect from them pursuant to his judgment on the note, in return for payment of $100,000, which was less than Jeanes' judgment. Nevertheless, Jeanes later counterclaimed in this suit to have these releases declared unenforceable.

 In this respect, Jeanes contends that the trial judge erred in granting summary judgment for Hamby and Shaver on the issue of the validity of the releases because, among other reasons, the releases were not supported by consideration. We agree. It is well settled that the payment of less than the full amount of a judgment debt alone cannot be consideration for an accord and satisfaction. *Blaylock v. Akin*, 619 S.W.2d 207 (Tex.Civ.App.—Texarkana 1981, writ ref'd n.r.e.); *Reeves v. Hall*, 437 S.W.2d 424 (Tex.Civ.App.—Austin 1969, no writ). In this case, it is undisputed that an amount of over $100,000 remained unpaid on the judgment held by Jeanes against Hamby and Shaver. Consequently, payment by Hamby and Shaver to Jeanes of only $100,000 is not consideration that will

support the releases, thereby rendering these releases invalid. Although Hamby and Shaver correctly note that the rule in *Blaylock* applies only to liquidated debts, we disagree with their characterization of this judgment debt as an unliquidated obligation. Their sole support for this contention is that at the time Jeanes signed the releases, litigation was pending concerning the question of whether the judgment debt owed by appellees to Jeanes was extinguished by his garnishment of their judgment against Jones. But the mere pleading of such an allegation does not convert a liquidated debt arising from a valid final judgment into an unliquidated debt or put the obligation in dispute. In this respect, we note that Hamby and Shaver did not allege that Jeanes' judgment had been satisfied from the garnishment of their judgment of indemnity against Jones. Furthermore, appellees cite no authority, nor have we found any, to support their theory that the mere garnishment of an obligation owing to a judgment debtor extinguishes the debt owed to the holder of the judgment. Consequently, we hold that the releases executed by Jeanes were invalid for lack of consideration.

Nevertheless, Hamby and Shaver persist in contending that *Blaylock* is not controlling because Jeanes received consideration other than the $100,000 payment for Jeanes' signature on the releases. According to Hamby and Shaver, Jeanes' received consideration which will support the releases in the form of a promise by Hamby and Shaver to forego their attempts to have Jeanes' judgment declared extinguished. We disagree because the only basis for these attempts were founded on Hamby and Shaver's allegations that the judgment debt was extinguished when Jeanes garnished the judgment held by Hamby and Shaver against Jones. As noted previously, we are not of the opinion that a cause of action against Jeanes was pleaded on this issue. Consequently, no consideration existed because Hamby and Shaver could not be said to have abandoned any legal rights by foregoing their attempt to have the judgment extinguished.

■ Moreover, even if their pleadings had alleged a cause of action, the releases signed by Jeanes do not state that they were signed in consideration of appellees terminating any cause of action. Instead, the releases merely state that Jeanes released Hamby and Shaver from any claims held by him by virtue of Jeanes' prior judgment and nowhere do the releases mention additional consideration in the form of a release of Jeanes from any controversy, claims, or actions held against him by Hamby or Shaver. Moreover, because the releases are unambiguous, any attempt by Hamby and Shaver to prove that the releases were signed by Jeanes in return for additional consideration not mentioned in the releases would violate the parol evidence rule. *Crozier v. Horne Children Maintenance and Educational Trust*, 597 S.W.2d 418 (Tex.App.—San Antonio 1980, writ ref'd n.r.e.). Because the $100,000 payment was the only consideration for the release of a judgment debt of a greater amount, we hold that, as a matter of law, these releases were not supported by consideration and are, therefore, invalid and unenforceable to discharge Jeanes' judgment. Because the contracts of release are invalid, appellees' cross-point by which they contend that the court erred in not allowing them to proceed against Jeanes for breach of that agreement is also without merit.

Since we have held that the releases of the judgment are invalid for lack of consideration, it is unnecessary to address Jeanes' other points of error attacking the validity of the releases. We now turn to the question of whether the trial judge erred in granting summary judgment against Jeanes on his pleading that he had been defrauded by all three appellees. In this respect, the record shows that Jeanes specifically alleged that appellees wrongfully conspired to obtain loans from him on behalf of Gar-Dal, Inc. with the intent to withhold payment when due and to hinder collection of any judgment that he might obtain on the note so as to pressure him into signing the releases involved in this appeal. According to Jeanes, appellees

concealed and secreted their assets for the purpose of delaying his collection efforts, and this concealment is evidenced by the fact that Hamby and Shaver were able to deliver the $100,000 in cash at the time when he had agreed to the release even though his previous extensive attempts to discover assets to satisfy the judgment had been unsuccessful.

■ In considering Jeanes' point with respect to his cause of action for conspiracy to defraud him, we first note that the burden was on appellees, as movants, to establish that Jeanes' cause of action was precluded, as a matter of law, as to at least one essential element of Jeanes' cause of action.[1] *Williamson v. Tucker*, 615 S.W.2d 881 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.). Appellees do not contend that they have met this burden because they argue that Jeanes' cause of action was barred by the doctrine of res judicata and by the statute of limitations, both of which are affirmative defenses.

■ With respect to res judicata, appellees argue that Jeanes had already had his day in court when he obtained his original judgment on the note against appellees and that Jeanes should have pursued his allegation of a conspiracy to defraud him in that suit. We cannot agree because Jeanes' allegations assert a continuing fraudulent conspiracy by appellees to assure that he would never recoup his money in the form of continuing actions by appellees to prevent collection of his judgment. Res judicata precludes litigation of causes of action which, with the use of diligence, could have been adjudicated in a prior suit between the same parties. That doctrine is only applicable if the questions at issue in the first suit constituted a defense to, or a part of, a cause of action finally adjudicated. *Griffin v. Holiday Inns of America*, 496 S.W.2d 535, 538 (Tex.1973) (a final judgment on the merits in an action for breach of contract did not preclude a later action, based on related events, in the form

of a suit on quantum meruit). In *Gilbert v. Fireside Enterprises, Inc.*, 611 S.W.2d 869, 879–80 (Tex.Civ.App.—Dallas 1980, no writ), we noted that res judicata is a harsh doctrine, which should be applied narrowly and with caution. In light of *Griffin* and *Gilbert*, we hold that even though Jeanes' cause of action for fraudulent conspiracy arose from some of the same events which gave rise to his original suit against appellees for payment on the note, the two causes of action depend upon the determination of altogether different factual and legal questions and are sufficiently distinct so as to prevent the doctrine of res judicata from precluding Jeanes' suit.

■ As to the statute of limitations, we are unpersuaded by appellees' argument that Jeanes' cause of action for fraudulent conspiracy was barred by the applicable statute. In this respect, appellees argue that Jeanes filed his fraud claim on April 7, 1981, and the two year statute of limitations commenced in 1975 when the loan note was reduced to judgment. But the record shows that Jeanes' theory of appellees' fraudulent conduct consisted of his allegation that the goal of their conspiracy was to obtain his signature on contracts which would relieve appellees of the full amount of any obligations owed to Jeanes. As Jeanes points out, he signed documents releasing Hamby and Shaver on July 19, 1979. Jeanes argues that the obtaining of his signature on these documents was an overt act in furtherance of the conspiracy, and since it occurred within two years of the filing of the fraud suit, his cause of action was not barred by the statute of limitations. *See Harang v. Aetna Life Insurance Company*, 400 S.W.2d 810 (Tex.Civ.App.—Houston 1966, writ ref'd n.r.e.). Nevertheless, appellees contend that Jeanes failed to tender summary-judgment evidence to overcome the rule that in a fraud case the statute of limitations begins to run when the victim knew or should have known that he had been defrauded.

---

1. We do not pass on the question of whether Jeanes has a cause of action for damages when

he has already recovered judgment on his note.

We agree with Jeanes because when overt acts in furtherance of a conspiracy to defraud occur within two years of the filing of suit, that suit is not barred by limitations. Moreover, the burden was on appellees to establish by summary-judgment evidence that Jeanes' counterclaim was precluded as a matter of law. *Williamson, supra.* Accordingly, we hold that the trial judge erred in granting summary judgment on Jeanes' suit for fraud.

 Finally, we consider Jeanes' argument that the trial judge erred in refusing to declare, pursuant to his counterclaim, that post-judgment interest on his original judgment on the note against appellees should accrue at the rate of 10%, compounded annually. The judgment in question provides that interest on the principal amounts awarded should accrue at the rate of 10% per annum from the date of judgment until paid. Jeanes argues that the court should have declared that the interest should compound annually because the award of interest at 10% per annum was contrary to the "spirit" of the judgment. We cannot agree. In the first place, the judgment does not provide for interest compounded annually. To hold as Jeanes would have us do would be to change the clear language of a final judgment, which the trial judge lacked jurisdiction to do. In the second place, the law does not favor compound interest, which will be only allowed when equity requires it. *E.g. Grand Fraternity v. NicoSia,* 41 S.W.2d 684, 686 (Tex.Civ.App.—Waco 1931, writ ref'd n.r.e.) (per Justice Alexander, later Chief Justice of the Texas Supreme Court). Obviously, if the law or equity required that the interest should be compounded annually, the trial judge who rendered the earlier judgment would have so provided in that judgment. Accordingly, the trial judge in this case correctly refused to disturb the prior judgment.

In summary, we reverse the summary judgment granted by the trial judge and render judgment in favor of Jeanes declaring that the releases executed by Jeanes are void. TEX.R.CIV.P. 434. We also reverse and remand for trial the judgment denying Jeanes' counterclaim against appellees for fraud. In all other respects, the judgment is affirmed. Costs are assessed against the appellees.

GUILLOT, J., dissenting.

GUILLOT, Justice, dissenting.

I respectfully dissent. While I would hold that the trial court improperly granted summary judgment to Hamby, Shaver, and McSpedden, I would hold that there is a material fact issue as to whether the releases which Jeanes gave Hamby and Shaver were valid. I would further hold that *res judicata* barred Jeanes' cause of action for conspiracy to defraud. However, I agree with the majority's disposition of Jeanes' contention regarding post-judgment interest.

I believe an additional rendition of the facts is in order. I shall attempt to succinctly set them out in the chronological order of the pleadings that led to this appeal.

| | | |
|---|---|---|
| 1. January 1975. | Jeanes loans $150,000 to Gar-Dal Inc. and the loan is guaranteed by Hamby, Shaver, McSpedden, Hunt, and Jones. Additionally Jones indemnifies Hamby, Shaver, and McSpedden for any loss or judgment. | |
| 2. February 1977. | Gar-Dal Inc. defaults and Jeanes recovers judgment against Hamby, Shaver, McSpedden, Hunt, and Jones. Hamby, Shaver, and McSpedden recover a judgment of indemnity against Jones. | Cause #75–5721–D |
| 3. September 1977. | Jeanes files suit garnishing the judgment debt of Jones to Hamby, Shaver, and McSpedden. | Cause #77–9732–C |

| | | | |
|---|---|---|---|
| 4. | Spring 1978. | Jeanes files suit to establish lien on Jones' interest in a joint venture. | Cause #78–2019–E |
| 5. | December 1978. | Hamby, Shaver, and McSpedden intervene, alleging that, when Jeanes garnished their judgment against Jones, the debt of Hamby, Shaver, and McSpedden was merged into the garnishment judgment and was thereby canceled. | Cause #78–2019–E |
| 6. | July 1979. | Hamby and Shaver pay Jeanes $100,000 for a release. | |
| 7. | August 1979. | Jones pays Jeanes $75,000 for a release from the judgment in Cause #75–5721–D. | |
| 8. | November 1979. | The intervention of Hamby, Shaver, and McSpedden is severed and re-docketed #80–523–E. | |
| 9. | July 1980. | Jeanes files counterclaim alleging that the releases given him by Hamby and Shaver are not valid. | Cause #80–523–E |
| 10. | December 1982. | Hamby, Shaver, and McSpedden file amended petition seeking damages for fraud and breach of contract against Jeanes. They also seek a summary judgment that Jeanes' declaratory judgment action be denied. | Cause #80–523–E |
| 11. | February 1983. | Jeanes files fourth amended petition seeking declaratory judgment that releases given by Hamby and Shaver are invalid and seeking damages for fraud and conspiracy. | Cause #80–523–E |
| 12. | February 1983. | Judgment is entered declaring that the releases signed by Hamby and Shaver are valid and denying all other relief. | Cause #80–523–E |

---

In his first point of error, Jeanes contends that the court erred in declaring the releases from Jeanes to be valid because either they were not supported by consideration as a matter of law, or the summary-judgment evidence was insufficient to establish consideration as a matter of law. The majority holds that there was no consideration for these releases as a matter of law. It says that the debts of Hamby and Shaver were liquidated and undisputed, and thus, consideration did not exist for payment by them of a lesser amount. *Industrial Life Insurance Co. v. Finley*, 382 S.W.2d 100, 104 (Tex.1964); *Blaylock v. Akin*, 619 S.W.2d 207 (Tex.Civ.App.—Texarkana 1981, writ ref'd n.r.e.). The majority says that, although Hamby and Shaver have argued that the debt was unliquidated, it was, in fact, liquidated. Hamby and Shaver do not argue that it was *unliquidated*, but rather than it was *disputed*. Hamby and Shaver argue that consideration for the releases existed due to their claims (1) that the judgment debt was merged as a result of the garnishment actions by Jeanes; (2) that no sum or credit had been given to the garnishment judgment; (3) that there was pending litigation initiated by both parties at the time of the settlement; and (4) that part of the litigation pending was a claim that Jeanes had conspired to defraud appellees by attempting to settle a judgment that they had against a third party without their knowledge. Thus, there was a good faith dispute between the parties as to what amount, if any, Hamby and Shaver owed Jeanes.

Contrary to the majority's assertion, the releases do mention consideration in addition to the non-monetary consideration mentioned above. The release states in pertinent part:

> NOW, THEREFORE, IN CONSIDERATION of the payment of One Hundred Thousand Dollars ($100,000.00), by Hamby and Shaver to Jeanes, receipt of which is hereby acknowledged by Jeanes, Jeanes does here and now forever release any claims of any nature whatsoever, known or unknown held by Jeanes or any of his assigns, against Hamby and Shaver.

Contrary to the majority's assertion, the parol evidence rule does not bar admission of a contemporaneous agreement, collateral to an integrated agreement, which is not inconsistent with nor varies or contradicts the express or implied terms or obligations thereof. *Hubacek v. Ennis State Bank,* 159 Tex. 166, 317 S.W.2d 30, 32 (1958). Here, the evidence of the non-monetary consideration is not inconsistent with and does not contradict the terms of the releases. This evidence only explained the circumstances surrounding execution of the releases, and the "claims" to which the releases refer. *Texas Utilities Fuel Co. v. First National Bank in Dallas,* 615 S.W.2d 309, 312 (Tex.Civ.App.—Dallas 1981, no writ). I would hold there is a fact question as to whether the amount owed to Jeanes by Hamby and Shaver was disputed.

Moreover, a *bona fide* dispute may be predicated upon a question of law; here, the question of law was whether the judgment debt of Hamby and Shaver to Jeanes was merged into Jeanes' garnishment suit against Jones resulting in Hamby and Shaver losing their indemnity judgment against Jones. Although Hamby and Shaver may have been wrong in their beliefs, it is not important that later they may be shown to be in error. *General American Life Insurance Co. v. Valley Feed Mills,* 458 S.W.2d 860 (Tex.Civ.App.—El Paso 1970, writ ref'd n.r.e.). The issue is whether they were honest in them. *Loggins v. Stewart,* 218 S.W.2d 1011, 1015 (Tex.Civ.App.—El Paso 1949, writ ref'd). That issue raises a fact question precluding summary judgment.

In his second and third points of error, Jeanes contends that the court erred in granting summary judgment to appellees because the releases were invalid. Jeanes argues that evidence exists that they were obtained from him under economic duress; that they were adhesion contracts; and that they were obtained by illegal means and in furtherance of an unlawful conspiracy. Jeanes further argues that the conspiracy to defraud claim was not barred by appellees' affirmative defenses. These arguments are without merit.

Releases obtained by duress are voidable. *Mitchell v. C.C. Sanitation Co.,* 430 S.W.2d 933, 936 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.). Economic duress may be claimed only when the party against whom it was claimed was responsible for the claimant's financial distress. *First Texas Savings Association of Dallas v. Dicker Center, Inc.,* 631 S.W.2d 179, 185–86 (Tex.App.—Tyler 1982, no writ). In my opinion, there is no evidence that appellees were responsible for the stress of Jeanes' financial condition which made it unprofitable for him to pursue further legal procedures, as Jeanes argues. It is interesting to note that, after the release was signed, Jeanes *did* find the money to litigate the validity of that document. Thus, any claim as to economic duress is without basis in fact in this record.

As to adhesion, Jeanes did not raise any fact issue as to Hamby and Shaver being in an unfairly superior bargaining position nor did Jeanes raise a fact issue as to the releases being unconscionable. *Fluor Western, Inc. v. G & H Offshore Towing Co.,* 447 F.2d 35, 39 (5th Cir.1971), *cert. denied,* 405 U.S. 922, 92 S.Ct. 959, 30 L.Ed.2d 793 (1972). Accordingly, any claim as to an adhesion contract is without basis in fact in this record.

Finally, I would hold that Jeanes' claim as to conspiracy to defraud is barred by res judicata. I would hold that res judicata

barred any claims arising from actions occurring before February 22, 1977, (the time that Jeanes obtained judgment from appellees). Thus, I need not reach any of Jeanes' arguments regarding appellees' other affirmative defenses (statute of limitations and estoppel by judgment). In analyzing this affirmative defense, it would be judicious to ask the question: Is the prosecution of the present cause of action offensive to the policy considerations underlying the doctrine of res judicata? In *Gilbert v. Fireside Enterprises, Inc.*, 611 S.W.2d 869, 877 (Tex.Civ.App.—Dallas 1980, no writ), we stated those considerations: promotion of judicial economy; prevention of vexatious litigation; prevention of double recovery; and promotion of the stability of decisions. The majority admits that "Jeanes' cause of action for fraudulent conspiracy arose from the same events which gave rise to his original suit against appellees for payment on the note." Judgment in the first suit precludes a second action by the parties "not only on matters actually litigated, but also on *causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit.*" *Texas Water Rights Commission v. Crow Iron Works*, 582 S.W.2d 768, 771–72 (Tex.1979) (emphasis added). Thus, the fraudulent conspiracy claim should have been considered and litigated in the prior suit. Jeanes had his day in court. He now seeks another judgment for essentially the same damages. To allow this suit would threaten stability of decisions. Thus, I would hold that any claim as to fraudulent conspiracy is barred by res judicata.

I agree that post-judgment interest on the original judgment should not be granted. My discussion of these points disposes of the case. In their cross-point, appellees have requested that we only reverse the judgment as to their cause of action for breach of the releases if we reverse the summary judgment granted in their favor. Because I would reverse the summary judgment as to the validity of the releases, I do not consider the breach question discussed by appellees. It also raises fact issues to be determined by the trier of fact.

I would reverse and remand the judgment of the trial court on the issue as to the validity of the releases and render judgment in favor of Hamby, Shaver, and McSpedden on their affirmative defense of res judicata.