R. B. GRINDSTAFF, Appellant,

v.

NORTH RICHLAND HILLS CORPORATION NO. 2 et al., Appellees.

No. 16192.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 10, 1961.

Rehearing Denied March 10, 1961.

Ernest May, Fort Worth, for appellant.

Brewster, Pannell, Leeton & Dean, Beale Dean and Cue Lipscomb, Fort Worth, for appellees.

MASSEY, Chief Justice.

This is an appeal from a summary judgment in behalf of defendants to a suit by the plaintiff for damages resulting to him because of alleged unlawful ouster from his leasehold in cafeteria premises (as to which the corporate defendant was lessor) and the alleged conversion of personalty upon the premises such as provisions, dishes and silver.

Judgment affirmed.

After date suit was filed the amount of $2,584.77 was deposited by defendants to the credit of the plaintiff in the Bank where plaintiff carried an account. They caused a letter to be written to plaintiff, transmitting the deposit slip showing such, which stated in part as follows: " 'The balance sheet already furnished you by Mr. Huff reflects that there is due you from North Richland Corporation No. Two the sum of $2,584.77. I am enclosing a deposit slip showing this amount deposited to the credit of your North Richland Cafeteria account in the Halton City State Bank, and you are hereby advised that such deposit has been made with the understanding and on the express condition that it is being paid to you in full and final settlement and satisfaction of any claims you have against North Richland Corporation No. Two, * * *.' "

Based upon the foregoing, plus the pleadings, lease and oral testimony in the deposition of the plaintiff, the defendants moved for summary judgment. In the deposition the plaintiff testified that he had withdrawn all his money in the Bank (including the $2,584.77) and used it for personal purposes, treating the deposited amount as a credit upon what he claimed was owed him by the defendant Corporation. Plaintiff testified that "I knew that they admitted that they owed me that much money", and that "They owe more than that ($5,000.00) because I made repairs to the building and equipment there on the basis that I had a 10 year lease." Plaintiff did understand that the money deposited to his account was with the "express condition" that that would be all the Corporation would pay him for any claim of any kind.

The lease was for a period of a little longer than nine years on the building, furniture and fixtures, cash registers, kitchen equipment, the pots and pans,

dishes, and silverware, as inventoried October 18, 1958, upon a prescribed consideration of 7½% of the gross monthly sales. A provision which was made a condition of the lease read as follows: "The lessor shall have the option to terminate their lease at any such time that he determines the operation of the Cafeteria to be a detriment to the Corporation." Pursuant to the defendants' interpretation of the lessor's rights under said condition, there is no question but that they did, about May 1, 1959, enter and take possession of the premises and property on hand. A fact question apparently existed as to whether they had the right so to do.

Undoubtedly the trial court granted summary judgment upon the theory that since plaintiff exercised dominion over the $2,-584.77 which had been deposited in his account at the Bank, there had been an accord and satisfaction between the parties by reason of the fact that consideration had been paid by the defendants on the one hand and accepted by the plaintiff on the other. We are of the opinion that the action on the part of the trial court was correct if plaintiff's claim or claims upon the defendants amounted to an "unliquidated demand".

■■■■ An accord and satisfaction is considered a substituted contract complete within itself and it therefore must be based upon a consideration the same as any other contract. Courts are not concerned with the adequacy of the consideration in the case of unliquidated demands so long as it is paid and accepted as such, but in the case of liquidated rights to compensation where the full compensation is not paid and no additional or substituted consideration is shown no accord and satisfaction results. Minchen v. Vernor's Ginger Ale Co. of Houston, Tex.Civ.App. Galveston, 1946, 198 S.W.2d 613, citing Turner v. Pugh, Tex. Civ.App. Amarillo 1945, 187 S.W.2d 598, in which the common-law rule applicable to Texas is discussed, the criticisms noted, and other authorities are cited; Texas Digest, Vol. 2, Accord and Satisfaction, ☞5.

Restatement of the law, "Contracts", sec. 420, "Creditor's Refusal to Regard as Satisfaction Performance Rendered as Such", states that acceptance by a creditor of any performance tendered by the debtor as satisfaction of a pre-existing contractual duty, or of a duty to make compensation, is not prevented from operating as satisfaction by the creditor's manifested refusal so to regard it. The acceptance would be tortious unless the debtor's terms are assented to, and the creditor is not allowed to assert that he is a tort-feasor, when his acceptance can be given an effect involving no legal wrong. Under sec. 72, "Acceptance by Silence or Exercise of Dominion", part (2) states that where the offeree exercises dominion over things which are offered to him, such exercise of dominion in the absence of other circumstances showing a contrary intention is an acceptance. If circumstances indicate that the exercise of dominion is tortious the offeror may at his option treat it as an acceptance, though the offeree manifests an intention not to accept.

■■■■ Presupposing an unliquidated or disputed indebtedness, we are satisfied that the plaintiff's action in exercise of dominion over the $2,584.77 was an acceptance of the defendants' payment purporting to amount to a final settlement. See 34 A.L.R. 1035, supplemented in 75 A.L.R. 905, Annotation, "Acceptance of remittance by check purporting to be 'in full' or accompanied by indications of debtor's intention that it be so regarded"; 1 Am.Jur., p. 230, "Accord and Satisfaction", sec. 29, "Effect of Retention of Remittance."

Plaintiff's pleadings at the time of the hearing of defendants' motion for summary judgment contained two counts for damages. The first was for continuing damages of $400 per month because of wrongful ouster, and the second was for $6,300 because of the defendants' conversion of provisions, supplies, dishes, silverware, etc.; located at the premises. Counts for exemplary damages were added. Further, in a supplemental petition plaintiff stated that

it was admitted that he received a memorandum of balance due as $2,584.77, and that "The Corporation remitted such sum, and attempted, unilaterally, to impose a condition of its payment as the plaintiff's forbearance to prosecute this suit. But the plaintiff did not assent to the condition; and if he had, or did, such assent would or did lack any consideration. The defendant Corporation did not then nor afterward deny that it owed the plaintiff the exact sum he received. Payment of its admitted debt could not bar the plaintiff of his claim to additional debt and restoration of his leasehold."

As of the time the defendants caused the deposit of $2,584.77 to be made to the credit of the plaintiff, plaintiff's petition was on file in the suit against the defendants, of which all parties were on notice. In the allegations thereof, the plaintiff claimed forcible wrongful ouster from the premises. Defendants' pleadings, also on file, denied this and alleged plaintiff's acquiescence in the termination of the lease and surrender of the premises. The defendants' averments also included those to the effect that a certified public accountant took inventory of the equipment, food, and supplies on hand, at the conclusion of which the premises were surrendered and the keys delivered over, with the books turned over to the accountant so that he could make an audit of the liabilities of the business pursuant to which the net amount due plaintiff could be ascertained.

It was such "net amount due plaintiff" which was later ascertained, according to the accountant, as $2,584.77. It was thereafter that the deposit was made to plaintiff's account in said sum.

■ It is readily perceived that at the exact time of the acceptance of the $2,584.-77 there was existent of record plaintiff's claim that more than this was owed him, for the provisions, supplies, etc., in addition to his claim for damages because of wrongful ouster. Defendants never disputed that the Corporation owed the $2,584.77. On the contrary, they admitted such, contending at the same time that said amount was all that was owed. However, as of the time prior to ascertainment, to the corporate defendant's satisfaction, that it was the amount of $2,584.77 which was due, the records in the case showed that the plaintiff was claiming sums in excess of said amount. There was nothing in the record to show that the defendants even knew how much they would admit that they owed until a later time, the time being shortly before they caused the deposit to be made into plaintiff's account. A demand is necessarily either liquidated or unliquidated. A demand is not liquidated, or undisputed, even if it appears that something is due, unless it appears how much is due; and when it is admitted that one of two different sums is due, but there is a genuine dispute as to which is the proper amount, the demand is unliquidated, within the meaning of that term as applied to accord and satisfaction. 1 Am.Jur., p. 249 (250), "Accord and Satisfaction", sec. 61, "What Constitutes a Disputed Claim".

■ Furthermore, where a part of a single claim is conceded and a part is in dispute at the time the debtor pays the amount he admits to be due and the creditor accepts it, the creditor must be bound by such act, and under the circumstances cannot recover the balance, in the absence of mistake or fraud of some kind. Fennell v. Troell, Tex.Civ.App. San Antonio 1920, 226 S.W. 442; Root & Fehl v. Murray Tool Co., Tex.Com.App.1930, 26 S.W.2d 189, 75 A.L.R. 902; Eckert-Fair Const. Co. v. Capitol Steel & Iron Co., 5 Cir., 1949, 178 F.2d 338. It may be said that the reason for the rule in such an instance is that a dispute as to a part of a debt makes the whole debt a disputed one so as to come within the general rule that payment of part of an unliquidated debt in full satisfaction thereof discharges the entire debt. See text at page 1223 under 112 A.L.R. 1219, Annotation, "Payment of undisputed amount or liability as consideration for discharge of disputed amount or liability".

See also 1 Am.Jur., p. 251, "Accord and Satisfaction", sec. 64, "Effect of Payment of Conceded Part of Disputed Claim", and 1 Tex.Jur., p. 268, "Accord and Satisfaction", sec. 28, "What Constitutes Unliquidated Demand" (1 Tex.Jur.2d, p. 227, sec. 29).

Under the circumstances of the case, we conclude that the plaintiff's claim or claims should be considered as a single unliquidated claim. From what we initially stated, the judgment in the case is to be affirmed if we are correct.

Judgment affirmed.