Lenox JENKINS, Petitioner,

v.

HENRY C. BECK COMPANY, Respondent.

No. B–1585.

Supreme Court of Texas.

Nov. 26, 1969.

Dissenting Opinion and Rehearing Denied
Jan. 28, 1970.

Christopher M. Weil, Robert L. Berry and Ronald A. Dubner, Dallas, for petitioner.

Locke, Purnell, Boren, Laney & Neely, Larry M. Lesh, Dallas, for respondent.

STEAKLEY, Justice.

The problem here is one of accord and satisfaction in the context of a summary judgment. We disagree with the Court of Civil Appeals, 440 S.W.2d 85, that such was shown as a matter of law.

Petitioner, Lenox Jenkins, plaintiff below, a subcontractor, sued Henry C. Beck Company, a corporation, the contractor, for alleged unpaid balances due him in the total sum of $16,855.34. Beck in its answer ad-

mitted owing Jenkins the sum of $10,675.73, which was tendered into court. Beck also filed a counterclaim against Jenkins for expenses in the sum of $5,315.14 incurred as a result of Jenkins' failure to perform the work provided in the subcontract between the parties. The subcontract with Beck obligated Jenkins to perform certain interior work on a construction project in Dallas for a total consideration of $180,945.75. The subcontract further provided for periodic progress payments by Beck to Jenkins, less statutory retainage, and for payment of the balance of the contract price upon completion of the work of Jenkins; also, that "no payment to subcontractor shall operate as an approval of subcontractor's work or materials, or any part thereof." Requests for payment were made by Jenkins to Beck from time to time as the work progressed. In three instances Beck deducted what is termed "back charges" by issuing its checks to Jenkins accompanied by vouchers containing these notations: "This check is tendered in full payment of items listed below"; thereunder appeared the item "This Payment," with the amount entered; the item "Less Charges," with the amounts entered; the item "Plus Credits," which was in blank; and the final item "Amount this Check," with the amount entered. Jenkins cashed the three checks. The total amount of the deducted charges in the three checks was $5,315.14, which is the sum claimed by Beck in its counterclaim against Jenkins. Beck moved for summary judgment upon the theory that its tender to Jenkins of the checks and attached vouchers carrying the stated notations, and the act of Jenkins in accepting and cashing the checks, effected an accord and satisfaction as a matter of law. The motion was granted by the trial court and this was affirmed by the Court of Civil Appeals.

■ The burden was upon Beck as the movant for summary judgment to conclusively establish the affirmative defense of accord and satisfaction. This defense rests upon a new contract, express or implied, in which the parties agree to the discharge of the existing obligation by means of the lesser payment tendered and accepted. Industrial Life Insurance Company v. Finley, 382 S.W.2d 100 (Tex.Sup.1964). The evidence must establish an assent of the parties to an agreement that the amount paid by the debtor to the creditor was in full satisfaction of the entire claim. McCarty v. Humphrey, 261 S.W. 1015 (Tex.Com.App.1924, judgment adopted). The minds must meet and where resting in implication the facts proved must irresistibly point to such conclusion. Simms Oil Co. v. American Refining Co., 288 S.W. 163 (Tex.Com.App.1926). There must be an unmistakable communication to the creditor that tender of the lesser sum is upon the condition that acceptance will constitute satisfaction of the underlying obligation. It has been said that the conditions must be made plain, definite and certain, Clay v. Rossi, 62 Idaho 140, 108 P.2d 506 (1940); that the statement accompanying the tender of a sum less than the contract price must be so clear, full and explicit that it is not susceptible of any other interpretation. Sanders v. Standard Wheel Co., 151 Ky. 257, 151 S.W. 674 (1912); that the offer must be accompanied with acts and declarations which the creditor is "bound to understand," Preston v. Grant, 34 Vt. 201 (1861); Crucible Steel Co. v. Premier Mfg. Co., 94 Conn. 652, 110 A. 52 (1920).

■ Assuming without deciding that the parties were shown to have been in dispute, it cannot be said under the circumstances here that the voucher notations carried unequivocal notice to Jenkins that the checks were conditionally tendered in full and final satisfaction of Beck's obligation to him at the time, the acceptance of which would bind Jenkins to an accord and satisfaction. The reference to full payment of items listed below is itself unclear, i. e., whether to the item "This Payment," the amount claimed to be due by Jenkins for the period in question, or to the final and lesser item "Amount this Check." The uncertainty is accentuated by the fact that Beck was not contractually bound to the

finality of a progress payment since the subcontract provided that no payment to Jenkins would operate as an approval of his work or materials. As to Jenkins, then, the voucher notations were reasonably subject to the construction that Beck was approving the work and materials of Jenkins for the period in question to the extent of the payment tendered and would not to such extent thereafter assert the right of disapproval; but that Beck was withholding approval of the work or materials represented by the deducted charges for final adjustment after completion of the work. Or, the voucher notations were subject to the construction that Beck was merely notifying Jenkins of his unwillingness to pay him on an interim basis for any work or use of materials which were considered questionable or unacceptable, notwithstanding the protective provisions in the subcontract, with final settlement to be made when Beck became obligated to pay the balance of the contract price. In no event, however, can it be said that the notations carried a clear and certain message to Jenkins that Beck was asserting its contractual right of disapproval to the extent of the deducted charges and that acceptance of the checks in the lesser amounts would constitute full and final payment of all claims of Jenkins for the period in question. It follows that new contracts of accord and satisfaction cannot be implied as conclusively arising on the face of the papers evidencing the three progress payments in question.

The judgments below are reversed and the cause is remanded to the trial court for further proceedings.

## ON MOTION FOR REHEARING

SMITH, Justice (dissenting).

Upon further consideration of this case, I have concluded that we erred in reversing and remanding this cause to the trial court for a new trial. I agree with the trial court and the Court of Civil Appeals that when Jenkins unconditionally accepted the three checks an accord and satisfaction of the claims against Beck was effected. Beck has fully discharged his burden of conclusively establishing the affirmative defense of accord and satisfaction. What more can he do upon another trial?

The summary judgment record conclusively shows that there was a dispute as to the claims from which Beck deducted the book charges. Each check which was tendered and accepted was "in full payment" of Jenkins' claim. Not only that, the checks dated May 6, 1966, August 2, 1966 and November 7, 1966 were accompanied by invoices itemizing amounts expended by Beck in performing the cleaning and hauling work which Jenkins was required to perform.

The November 7th check was also accompanied by an invoice charging Jenkins for invoices submitted to Beck by third party contractors who repaired damage caused by Jenkins. All of these matters appear in the transcript. The transcript before us contains a complete list of the affidavits and exhibits which were all considered by the trial court before rendering summary judgment in favor of Beck. Beck through his treasurer, E. W. Quakenbush, shows in a supporting affidavit, the following:

"1. My name is E. W. Quakenbush. I am Treasurer of Henry C. Beck Company, and the said Henry C. Beck Company has duly authorized me in all respects to make this affidavit in its behalf.

"2. Attached hereto marked Exhibits 'A' through 'E' are true and correct copies of checks, vouchers, requests for payment and invoices representing payments made by Henry C. Beck Company to Lenox Jenkins Interiors for the work involved in the above entitled and numbered action. Each said payment was by check bearing the notation 'this check is tendered in full payment of items listed below' and each said payment itemized certain deductions and each said check was accepted and cashed by Lenox Jenkins Interiors.

"3. Henry C. Beck Company has received notice from Floyd Schaefer, Inc. dated August 19, 1966, that due to the failure of Lenox Jenkins Interiors to perform the work required under the contract, as a result of which the carpet was rolled out against the wall, causing texture on the walls to be damaged and causing the walls in the living room and bedroom to be rejected by the F.H.A. Inspector, the said Floyd Schaefer, Inc. was compelled to texture and paint the walls, resulting in a charge against Lenox Jenkins Interiors in the amount of $277.38.

"4. It has never been the practice of Henry C. Beck Company to make final adjustments and authorization for back charges upon final settlement under its sub-contracts. The practice of Henry C. Beck Company has always been to make adjustments for all back charges at the time periodic payments are made, communicating to the subcontractor at the time of each payment an itemization of the back charges for which the adjustments are made. This practice was followed in connection with the payments to Lenox Jenkins Interiors represented by Exhibits 'A' through 'E'.

"5. Henry C. Beck Company is aware of no mistake in the preparation of charge under number 1–709–37 to the sub-contract involved in this suit.

"6. There remains due Lenox Jenkins Interiors under the contract involved in the above entitled and numbered action only the sum of $10,675.73, which amount Henry C. Beck Company has heretofore tendered to Lenox Jenkins Interiors and which amount Henry C. Beck Company has paid into the Registry of the Court."

The summary judgment record conclusively refutes Jenkins' contention that his claims were for liquidated amounts because there was an agreed contract price with certain change orders setting forth increases in the price. While the contract does provide for the addition to the contract price the "additional increments of labor and materials", which was subject to adjustment by deductions for faulty workmanship, commonly referred to in the industry as "back charges", the record conclusively shows that, as a matter of law, such adjustments were not to be deferred until the time of final payment, as contended for by Jenkins. Jenkins claims in his briefs (not in the summary judgment record) that for there to be a disputed claim, "there must be accompanying expressions sufficient to make it unreasonable for him not to understand, that the performance is offered to him as full satisfaction of him claim and not otherwise." In view of the undisputed record which shows that Beck tendered each check "in full payment" of Jenkins' claim, I can not see any support for the contention now made by Jenkins. See Grindstaff v. North Richland Hills Corporation No. 2, 343 S.W.2d 742 (Tex. Civ.App.1961), err. ref. n. r. e.

Even though this Court assumes the parties were in dispute, it still holds with Jenkins that controlling issues of fact existed on the question as to whether the parties were in dispute. The checks themselves and the accompanying invoices clearly show that the deductions did not merely represent amounts withheld "for final adjustment after completion of the work". The Court, in concluding that a fact issue exists in this case, has failed to appreciate the force of the recitations contained in the tendered and accepted checks and has completely missed the conclusive impact of the invoices attached to each check. The checks, vouchers and invoices placed Jenkins on *notice* that the payments were tendered upon the condition that acceptance would constitute full and final satisfaction of Jenkins' claim. Assuming that Jenkins is a man of ordinary intelligence, I am at a loss to understand why he could fail to understand that if the checks with invoices attached were accepted, that such acceptance would necessarily be in full settlement and satisfaction of the claim. Sanders v. Standard Wheel Co., 151 Ky. 257, 151 S.W. 674, 675 (1912). The conclu-

**458**

sion in that case is applicable here. In *Sanders*, the Court said:

"* * * we find that the invoice and check, by which it was accompanied, must be read and considered together, and, when so read, *no one of ordinary intelligence could fail to understand that, if the check was accepted, it would necessarily be in full settlement and satisfaction of the claim.* * * *"

In *Sanders*, the creditor rejected the tendered check. In our case, Jenkins unconditionally accepted the checks with attached invoices, and, as stated in his affidavit "endorsed, negotiated and received the benefits of the said checks."

If this case is sent back for trial, Beck can do no more than he did in the first trial. Likewise, Jenkins can not escape the result that the compelling evidence calls for, either an instructed verdict for Beck or a judgment for Beck at the close of all of the evidence. Perhaps, in view of this Court's erroneous conclusion that a fact issue exists, the trial court should force Beck to extend himself by filing a motion for judgment non obstante veredicto. This, in my opinion, is one case where a summary judgment was the only judgment to be entered.

I would affirm the judgments of the courts below.