AMI 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN





 





NO. 3-92-311-CV





AMERICAN MICROELECTRONICS, INC.,




 
 APPELLANT


vs.






WILBRECHT ELECTRONICS, INC.,




 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT



NO. 470,720, HONORABLE PETE LOWRY, JUDGE PRESIDING 



 





 This dispute arises out of a contract between appellee, Wilbrecht Electronics, Inc.
("Wilbrecht"), and appellant, American Microelectronics, Inc. ("AMI"). Wilbrecht brought suit
against AMI, alleging that AMI failed to pay the purchase price for specially manufactured
electronic components that AMI had agreed to buy. AMI pled accord and satisfaction as its
principal defense. After a bench trial, the trial court rendered judgment for Wilbrecht. AMI
appeals, essentially challenging the factual and legal sufficiency of the trial court's findings. We
will affirm the trial court's judgment.




BACKGROUND


 AMI agreed to buy, and Wilbrecht agreed to produce, various electronic
components consisting of "switches" and "potentiometers," (1) which AMI planned to use in its
manufacture of helmet transmitter devices. After Wilbrecht produced and shipped approximately
$100,000 worth of components, AMI told Wilbrecht to stop production and returned the
components that it had not used. Wilbrecht was able to resell the switches on the open market and
kept 30 potentiometers as mechanical samples. Wilbrecht then demanded payment for the
purchase price of the remaining potentiometers. When no payment was made, Wilbrecht brought
suit for the purchase price of the potentiometers that AMI had returned, as well as the specially
manufactured but unshipped potentiometers already produced.

 At trial, AMI relied exclusively on the contents of a letter to establish that the
parties had entered into an accord and satisfaction. The letter was addressed to Mr. Jon
Wilbrecht, the President of Wilbrecht, and written by AMI's Chief Financial Officer, Mr. Roy
Isiminger. According to AMI, the letter clearly showed an agreement by which AMI would
return all the components and pay the sum of $9,601.40 in total satisfaction of the debt owed to
Wilbrecht.

 Wilbrecht provided evidence to the contrary. Mr. Wilbrecht and Mr. Vermilyea,
the marketing manager, testified that Wilbrecht agreed only to credit AMI for the returned
switches they could resell and that they never authorized the return of the potentiometers. Mr.
Wilbrecht testified that the checks totalling $9,601.40 constituted payment only for the
components that AMI had consumed in its manufacturing and did not satisfy the debt with respect
to the returned or unshipped potentiometers.

 The trial court rendered judgment for Wilbrecht, finding that the goods were
specially manufactured, that no accord and satisfaction had been reached, and that AMI owed the
purchase price of $73,868.55 for the goods it agreed to buy, in addition to interest and attorney's
fees.


 

DISCUSSION


 While the heart of AMI's appeal challenges the trial court's findings, AMI asserts
in its sixth point of error that we must disregard the court's findings of fact and conclusions of
law because they were untimely filed. This error is harmless absent a showing that the late filing
injured AMI's rights. Ford v. Darwin, 767 S.W.2d 851, 856 (Tex. App.--Dallas 1989, writ
denied); see Las Vegas Pecan & Cattle Co. v. Zavala County, 682 S.W.2d 254, 256 (Tex. 1984)
(trial court's failure to file findings of fact and conclusions of law does not require reversal if
record affirmatively shows that party suffered no injury). AMI suffered no harm from the
untimely filing. The trial court's findings of fact and conclusions of law were filed on June 18,
1992, almost five months before AMI filed its brief. AMI had adequate time to prepare its appeal
and to challenge the trial court's findings in its brief. Accordingly, we overrule AMI's sixth point
of error. 

 In its first and second points of error, AMI challenges the legal and factual
sufficiency of the trial court's failure to find an accord and satisfaction. AMI contends that it
conclusively established an accord and satisfaction as a matter of law or, in the alternative, that
the court's negative finding was against the great weight and preponderance of the evidence.

 When addressing both legal and factual sufficiency challenges, an appellate court
should first review the legal sufficiency challenge. Glover v. Texas Gen. Indem. Co., 619 S.W.2d
400, 401 (Tex. 1981). AMI has the burden of proof to establish accord and satisfaction. Harris
v. Rowe, 593 S.W.2d 303, 306 (Tex. 1979). Since AMI challenges the legal sufficiency of an
adverse finding for which it has the burden of proof, we first examine the record for evidence that
supports the court's negative finding, while disregarding all opposing evidence. Sterner v.
Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989); see generally William Powers, Jr. & Jack
Ratliff, Another Look at "No Evidence" and "Insufficient Evidence," 69 Tex. L. Rev. 515, 523
(1991). If no evidence supports the negative finding, we then examine the entire record to see if
accord and satisfaction was established as a matter of law. Sterner, 767 S.W.2d at 690. 

 Ample evidence exists in the record to support the trial court's refusal to find an
accord and satisfaction. An accord and satisfaction requires a tender of payment accompanied by
a condition that acceptance of the payment will discharge the underlying debt. Harris v. Rowe,
593 S.W.2d at 306. Wilbrecht provided evidence that no such condition existed. Mr. Wilbrecht
testified that the letter which AMI relied upon referred to crediting AMI's account for returned
switches, not the potentiometers which were the subject of this suit, and that the payment of
$9601.40 was payment only for those components that AMI had used in its manufacturing, not
for any returned components. (2) He also testified that, both before and after the letter was received,
Wilbrecht had sent credit memos to AMI indicating that the credits were only for switches that
Wilbrecht was able to resell. Because some evidence exists in the record to oppose AMI's
position that the letter conclusively establishes accord and satisfaction, AMI's legal sufficiency
challenge fails. We overrule AMI's first point of error.

 When reviewing AMI's factual sufficiency point that the failure to find an accord
and satisfaction was against the great weight and preponderance of the evidence, we must consider
and weigh all the evidence together and set aside a finding only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Cain v. Bain, 709
S.W.2d 175, 176 (Tex. 1986); In re King's Estate, 244 S.W.2d 660, 661 (Tex 1951); see
Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991) (trial court's findings of fact
are reviewable for factual and legal sufficiency by the same standards as applied in reviewing jury
findings). Since we have already reviewed Wilbrecht's evidence in the record with respect to
accord and satisfaction, we will examine AMI's evidence. 

 To establish accord and satisfaction, AMI relied solely on the letter dated January
27, 1989, addressed to Mr. Wilbrecht and written by AMI's Chief Financial Officer, Mr.
Isiminger. The letter refers to two payments of $2500.00 as "partial payment in resolution of an
outstanding obligation to Wilbrecht Electronics." In addition, the second paragraph reads: "[T]he
net amount of unreturned components in AMI's possession is stated at $23,055.40. Subsequently,
we have returned on our Credit Invoice No. 3234 for $13,554.00 in December leaving a net
balance of $9601.40 due to Wilbrecht Electronics." AMI argues that this letter clearly indicates
that the parties reached an agreement in which Wilbrecht would credit AMI for all returned
components and AMI would pay a final balance of $9601.40, to discharge a debt of approximately
$73,000. 

 AMI's letter is ambiguous at best. Accompanying a tender of a lesser sum there
must be a clear communication that acceptance of the payment will discharge the entire debt. 
Jenkins v. Henry C. Block Co., 449 S.W.2d 454, 455 (Tex. 1969). The communication must be
so clear and complete that no other interpretation of the statement is possible. Id.; Pate v.
McClain, 769 S.W.2d 356, 362 (Tex. App.--Beaumont 1989, writ denied). The trial court could
reasonably conclude from the evidence that AMI's communication to Wilbrecht was clearly
susceptible to conflicting interpretations and that AMI failed to meet its burden of proof. AMI's
factual sufficiency challenge fails because the letter's ambiguity and Wilbrecht's opposing
evidence reveal that the finding is not so contrary to the weight of the evidence as to be clearly
wrong and unjust. We overrule AMI's second point of error. 

 In its third, fourth, and fifth points of error, AMI challenges the trial court's
findings as to the value and nature of the electronic components. AMI first complains of the trial
court's award of $19,116.75 for the electronic components that were produced but not shipped
to AMI. AMI contends that the evidence was insufficient to show both the value of these items
and whether they were manufactured at AMI's request. We disagree. Because AMI asserts a
factual sufficiency point, we look to the entire record and determine whether the finding is so
contrary to the weight of the evidence as to be clearly wrong and unjust. Cain, 709 S.W.2d at
176. After carefully reviewing the entire record, we conclude that Mr. Vermilyea's testimony
as to the value of the unshipped goods and his testimony that AMI ordered these goods, provides
factually sufficient evidence to support the trial court's finding. AMI's third point of error is
overruled.

 AMI next complains of the trial court's finding that the total value of the electronic
components not paid for by AMI was $73,868.55. AMI argues that no evidence supports the
value of components returned to Wilbrecht or of the components produced but never shipped to
AMI. In reviewing a no-evidence point, we must consider only the evidence and inferences that
tend to support the court's finding and disregard all evidence to the contrary. Alm v. Aluminum
Co. of Am., 717 S.W.2d 588, 593 (Tex. 1986), cert. denied, 111 S.Ct. 135 (1990). If there is
more than a scintilla of evidence to support the finding, then the no-evidence challenge must fail. 
see Stafford v. Stafford, 726 S.W.2d 14, 16 (Tex. 1987).

 Applying this standard, we conclude that the testimony of Mr. Vermilyea and Mr.
Wilbrecht with respect to the value of these components and their purchase price, and the invoice
and memo exhibits, constitute more than a scintilla of evidence to support the trial court's finding. 
AMI's fourth point of error is overruled.

 Finally, AMI challenges the factual sufficiency of the trial court's finding that the
potentiometers were specially manufactured goods. Section 2.709(a)(2) of the Uniform
Commercial Code allows the seller to recover the price of the goods if, after reasonable effort,
he is unable to resell them at a reasonable price or the circumstances reasonably indicate that such
an effort is unavailing. Tex. Bus. & Com. Code § 2.709(a)(2) (West 1968); see Tracor, Inc. v.
Austin Supply & Drywall Co., 484 S.W.2d 446, 449 (Tex. Civ. App.--Austin 1972, writ ref'd
n.r.e.) (holding that sheetrock cut in an irregular size for buyer was unmarketable and section
2.709(a)(2) applied).

 After reviewing all the evidence in the record, we conclude that factually sufficient
evidence supported the finding that the potentiometers were specially manufactured. During trial,
Mr. Vermilyea testified that the potentiometers were manufactured with specific modifications in
order to meet AMI's particular needs. He testified that the potentiometers had extended leads and
a particular resistance and taper, and that there was only a chance of 3 in 500,000 that such
components could be resold. This evidence effectively rebuts AMI's contention that the
potentiometers could be resold. We overrule AMI's fifth point of error.

 Accordingly, we affirm the trial court's judgment.



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: October 6, 1993

Do Not Publish
1. The "switches" and "potentiometers" are very small, sophisticated electronic devices. 
Potentiometers, commonly used in hearing aids, control the flow of electricity through a
current and have an infinite number of variations with respect to their resistance and taper. 
Reading the record most favorably to Wilbrecht, the switches were arguably stock catalogue
items which could easily be resold on the market, while the potentiometers were specially
manufactured items that had no other market. 
2. Throughout the statement of facts, the components that AMI had already consumed and
the returned switches for which AMI received authorized credit were collectively referred to
as "Item No. 1" or "Group No. 1," and were so indicated in Plaintiff's Exhibit No. 58. 
Wilbrecht sued only for the purchase price of Items No. 2, 3, and 4, representing the returned
and unshipped potentiometers.