IN THE SUPREME COURT OF TEXAS









IN THE SUPREME COURT OF TEXAS

 

════════════

No. 03-0662

════════════

 

Republic Underwriters
Insurance Co., Petitioner

 

v.

 

Mex-Tex, Inc., Respondent

 

════════════════════════════════════════════════════

On Petition for Review from the

Court of Appeals for the Seventh District of
Texas

════════════════════════════════════════════════════

 

 

Justice O=Neill, joined by Justice Smith, dissenting.

 

 

I
agree with the Court that some evidence supports the trial court=s finding that Republic breached the
policy by failing to pay the cost of the comparable
roof Mex-Tex installed.  I also agree with the Court=s definition of a Aclaim@
under Article 21.55 for purposes of assessing penalties, and that the statutory
penalty assessed against Republic should be based on the full amount of the
claim if its tender of partial payment to Mex-Tex was
not unconditional.  Here, my agreement
ends.  I simply cannot conclude, as the
Court does, that no evidence supports the trial court=s
finding that Republic=s
partial payment was not unconditional. 
Accordingly, I respectfully dissent. 


Article
21.55 subjects an insurer that fails to pay a claim within a prescribed period
to a statutory penalty.  Tex. Ins. Code art. 21.55,
§§ 3(f), 6.  The Court correctly
concludes that the amount of the Aclaim@ on which a penalty is calculated is
not the amount that the insured demands, but the amount that the trial court
finds the insurer actually owes under the policy.  The Court also acknowledges that the
statutory penalty may be assessed against Republic on the full amount of the
claim if its partial payment to Mex-Tex was not
unconditional, but concludes there is no evidence to support the trial court=s finding that Republic Atried to enforce a full and final
release of [the claim] when only a partial payment had been made.@ 
I disagree.  

There
is evidence that it was both Republic=s
intent and Mex-Tex=s
understanding that the tender of $145,460 within the statutory period was to
settle the claim.  That might not in
itself be enough to establish as a matter of law that the payment was
conditional, as there must also be evidence that the tender was Aexpressed by acts or declarations with
sufficient clarity that [Mex-Tex was] bound to know
that [its] acceptance of the tendered payment [would] constitute full payment
of [its] claim.@  H.L. ABrownie@
Choate, Inc. v. Southland Drilling Co., 447
S.W.2d 676, 679 (Tex. 1969). 
But here, Republic=s
letter accompanying the second tender of the check stated, Awe must respectfully deny your proof of
loss since the amount is more than we have determined to be the covered loss.@ 
Moreover, Republic=s
letter acknowledging return of the check stated the check had been issued Ain good faith as payment for your
client=s loss.@ 
If the Court declared a bright-line rule that for a tender of payment to
be conditional the tenderor must contemporaneously
offer a formal release, I might agree with its conclusion.  However, the rule the Court recites is not so
definitive, requiring merely that the evidence establish a clear Aassent of the parties@ and that Athe
minds must meet.@  ___ S.W.3d at ___ (citing Jenkins v. Henry
C. Beck Co., 449 S.W.2d 454, 455 (Tex. 1969)).

In
Jenkins, the trial court granted summary judgment in favor of the
defendant debtor on its defense of accord and satisfaction.  449 S.W.2d at 455.  We reversed, holding that the debtor=s communications to the creditor
accompanying the tender did not constitute Aunequivocal
notice to [the creditor] that the checks were conditionally tendered in full
and final satisfaction of [the debtor=s]
obligation to him at the time.@  Id. 
Because an accord and satisfaction was not conclusively established, we
remanded the case to the trial court for further proceedings.  Id. at 456; see also George Linskie Co. v. Miller-Picking Corp., 463 S.W.2d 170,
173 (Tex. 1971) (reversing summary judgment on accord and satisfaction and
remanding for trial because Adefendant
did not make known to plaintiff in clear and unmistakable terms that the tender
was intended to be made upon the condition that its acceptance would constitute
full satisfaction of all pending claims@).

In
this case, had Republic moved for summary judgment based upon accord and
satisfaction, I agree that it would have been unsuccessful.  But that Mex-Tex
did not conclusively prove Republic=s
offer was conditional does not mean that the converse B
the offer was unconditional B
was established, as the Court in essence concludes.  Rather, a fact issue was raised that the
fact-finder resolved after a trial on the merits.  Republic=s
letters and other evidence regarding the parties= intent support the trial court=s conclusion that the parties
understood Republic=s check
was being conditionally offered as full payment of Mex-Tex=s claim.  I would defer to the trial court=s finding on this issue.  Because I would affirm the court of appeals= judgment in its entirety, I respectfully
dissent. 

 

 

__________________________________________

Harriet O=Neill

Justice

 

 

OPINION DELIVERED:  November 19, 2004