**Reverse and Render and Remand in part; Affirmed in part and Opinion Filed July 3, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00614-CV

**CONTEMPORARY CONTRACTORS, INC., Appellant**
**V.**
**CENTERPOINT APT. LTD. P/S, Appellee**

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. 12-00159-B**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Francis

This case involves a dispute over fees for labor and materials used to renovate units of an apartment complex. Following a bench trial, the trial court rendered a take-nothing judgment against Contemporary Contractors, Inc. on its sworn account claim against Centerpoint Apt. Ltd. P/S for unpaid invoices. The trial court found in appellee's favor on its counterclaims for breach of contract and removal of a mechanic's lien and awarded damages and attorney's fees. In four issues, appellant challenges the trial court's judgment on its affirmative claim and appellee's counterclaims. For the reasons set out below, we affirm in part and reverse and remand in part and render in part.

Appellee is the owner of an apartment complex in Dallas; appellant is a "turnkey company" that provides general contracting and make-ready services for apartment complexes.

In May 2011, the parties entered an agreement under which appellant was to "rehab" apartment units for appellee. Appellant performed services and tendered invoices to appellee for payment. A dispute arose as to how much was actually owed and whether appellant had performed unauthorized work. On September 29, 2011, appellee sent a letter to appellant and enclosed checks totaling more than $8000, which was less than invoiced. The letter stated the checks were "full and final payment" for the labor and materials furnished to the property.

Appellant received the letter and cashed the checks. About three months later, appellant filed a Mechanic's, Contractor's, or Materialman's Lien Affidavit in the Denton County Clerk's Office. The affidavit alleged that appellant was owed $14,347.42 by appellee for work furnished at the apartment complex.

The following month, appellant sued appellee on a sworn account to recover the alleged debt. Appellee filed an answer generally denying the allegations and asserted several affirmative defenses, including accord and satisfaction. In addition, appellee filed counterclaims for breach of contract, removal of the lien, conversion, and negligence.

While the case was pending, appellee sought a summary disposition of the lien under section 53.160 of the Texas Property Code, and appellant opposed the motion. *See* TEX. PROP. CODE ANN. § 53.160 (West Supp. 2013) (allowing party objecting to mechanic's and materialman's lien as invalid or unenforceable to file summary motion to remove lien). The motion alleged the contents of the affidavit of lien failed to meet statutory requirements and notice was not given, both of which are among the limited grounds available under the summary proceeding. *See id.* § 53.160(b)(1)-(7) (West Supp. 2013). The trial court denied the motion and the case ultimately went to trial.

At trial, the parties stipulated that (1) appellant received the September 11, 2011 letter and attached checks and cashed the checks, (2) appellant filed the lien affidavit on appellee's

property on December 12, 2011 in Denton County, and (3) appellee had to pay $14,347.29 (the amount stated in the lien affidavit as owing) in escrow when refinancing the property. Appellant then presented the testimony of Richard Schlenk, appellant's owner and president. Among other things, Schlenk testified that $14,347 remained owing on the account. He acknowledged receiving the September 11 letter and checks but said he did not read the letter before cashing the checks. He also acknowledged the filing of the lien in Denton County. Appellant rested its case after brief testimony by counsel on attorney's fees.

At the close of appellant's case in chief, the trial court granted appellee's motion for judgment based on its affirmative defense of accord and satisfaction. The trial court then heard evidence from appellee's counsel on attorney's fees. In its judgment, the trial court ordered appellant to take nothing on its claims against the defendant and declared the mechanic's affidavit of lien filed in Denton County invalid and improper and ordered the lien removed. Further, the trial court ordered appellee take judgment on its counterclaims and awarded appellee $14,708.27 in actual damages, which included $360.85 in interest for "loss of use of the amount of the invalid lien." In addition, the court awarded appellee attorney's fees of $10,966.55 through trial, $850 for post-trial, pre-appeal legal services, $9,000 for appeal to this Court, and an additional $9,000 for an appeal to the supreme court.

Subsequently, the trial court made findings of fact and conclusions of law. Among other things, the trial court determined (1) there was an accord and satisfaction when appellant received appellee's letter and cashed the accompanying checks, (2) the lien was improperly filed against the apartment complex because the debt made the basis of the lien was extinguished before the lien was filed, and (3) appellant breached the parties' contract by exceeding the credit limit without prior written authorization.

–3–

In its first issue, appellant argues the trial court erred in concluding appellee's letter constituted an accord and satisfaction.

The trial court, as the fact finder in a bench trial, may rule on factual and legal issues at the close of the plaintiff's case in chief. *Qantel Bus. Sys., Inc. v. Custom Controls Co.*, 761 S.W.2d 302, 304 (Tex. 1988). In doing so, the trial court is presumed to have ruled on both the sufficiency of the evidence and on the weight of the evidence and credibility of the witnesses. *Id.* at 304–05; *Bledsoe Dodge, L.L.C. v. Kuberski*, 279 S.W.3d 839, 841 (Tex. App.—Dallas 2009, no pet.). Findings of fact in a case tried to the court have the same force and effect as jury findings. *Bledsoe Dodge*, 279 S.W.3d at 841. We review those fact findings by the same standards used when reviewing the sufficiency of the evidence to support a jury's findings. *Id.* In a legal sufficiency review, we view the evidence in a light most favorable to the finding, crediting favorable evidence if a reasonable fact finder could, and disregarding contrary evidence unless a reasonable fact finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We review the trial court's conclusions of law as a legal question. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). An appellant may not challenge a trial court's conclusion of law for factual sufficiency; however, the reviewing court may review the trial court's legal conclusions drawn from the facts to determine their correctness. *Id.*

Under Texas law, an accord and satisfaction rests on a "contract, express or implied, in which the parties agree to the discharge of the existing obligation by means of the *lesser* payment tendered and accepted." *Jenkins v. Henry C. Beck Co.*, 449 S.W.2d 454, 455 (Tex. 1970) (emphasis added). A tender is conditional if the instrument or any accompanying written communication contains a conspicuous statement to the effect that the instrument, representing a lesser sum than demanded, was tendered in full satisfaction of the claim. *Halmos v. Bombardier Aerospace Corp.*, 314 S.W.3d 606, 618 (Tex. App.—Dallas 2010, no pet.). There must be an

–4–

unmistakable communication of this condition, and the statement must plain, definite, and certain. *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *Jenkins*, 449 S.W.2d at 455. The conditional tender must be expressed by acts or declarations with sufficient clarity that the creditor is bound to know that his acceptance of the tendered payment will constitute full payment of the claim. *See Jenkins*, 449 S.W.2d at 455; *see also Republic Underwriters*, 150 S.W.3d at 427. The tender may be rejected; but if it is cashed or deposited, a new contract is created by discharging an existing obligation by means of the lesser payment. *Halmos*, 314 S.W.3d at 618.

Here, the evidence shows the checks accompanied a letter to appellee. The letter began: "Gentleman: Enclosed you will find our checks in the total amount of $8,043.53 representing full and final payment for all labor and material that you have furnished the above property to date." Following that opening sentence, the remainder of the letter detailed the specific invoices that would not be paid because the work was not authorized and no purchase orders were issued for the work. The letter also explained deductions from other invoices that were paid. Despite the letter and its unmistakable communication that the checks constituted full and final payment, appellant cashed the checks.

Appellant argues it did not "knowingly and affirmatively" agree to an accord and satisfaction because Schlenk testified he did not read the letter. Assuming Schlenk's testimomy on this point is relevant, the trial court was the judge of the credibility of the witnesses and could have chosen to disbelieve him. Additionally, appellant argues the statement in the letter is not "conspicuous" because it is "indistinguishable" from every other sentence. Appellee needed only to read the first sentence of the letter to understand that the accompanying checks constituted full and final payment. The communication was not buried in the letter so that it needed to be highlighted in some way to bring appellant's attention to it. The statement was

plain, definite, and certain. Moreover, the remainder of the letter explained why appellee was paying only a portion of the bills invoiced. Because the letter was clear, full, and explicit and was not susceptible of any interpretation other than the tendered amount was full payment, the trial court did not err in concluding there was an accord and satisfaction. We overrule the first issue.

In its second issue, appellant argues the trial court erred in awarding appellee $14,708.27 in actual damages, which were based on the trial court's finding in favor of appellee on its breach of contract counterclaim. Appellee concedes this issue. Therefore, we sustain the second issue.

In its third issue, appellant argues the trial court erred in ordering the removal of the mechanic's lien. Within this issue, he makes three assertions: (1) the court lacked jurisdiction to remove the lien, (2) there are no pleadings to support removal of a constitutional lien, and (3) the lien claim was adjudicated in a summary proceeding before trial. We begin with the issue challenging the court's jurisdiction.

Appellant argues the jurisdiction of the statutory county courts at law in Dallas County is subject to the restrictions of section 26.043 of the Texas Government Code, which excludes from the jurisdiction of constitutional county courts "a suit for enforcement of a lien on land[.]" *See* TEX. GOV'T CODE ANN. § 26.043(2) (2004).

Whether a trial court has subject-matter jurisdiction is a question of law subject to de novo review. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). County Court at Law No. 2 of Dallas County is a statutory county court, whose jurisdiction is prescribed by sections 25.0003 and 25.0592 of the government code. *See* TEX. GOV'T CODE ANN. §§ 25.0591(a)(2), 25.0003, 25.0592 (West 2004 & Supp. 2013).

Section 25.0003 contains the general grant of jurisdiction and provides, in part, that statutory county courts have concurrent jurisdiction (1) with constitutional county courts and (2)

with district courts in civil cases in which the amount in controversy is between $500 and $200,000. *Id*. § 25.0003(a), (c)(1); *see Santana v. Tex. Workforce Comm'n*, No. 03-05-00452-CV, 2007 WL 2330714, at \*2 (Tex. App.—Austin Aug. 16, 2007, pet. denied) (mem. op.). The specific grant of jurisdiction in section 25.0592, however, expands the jurisdiction of the Dallas County courts at law:

> (a) In addition to the jurisdiction provided by Section 25.0003 and other law, a county court at law in Dallas County has concurrent jurisdiction with the district court in civil cases regardless of the amount in controversy.

TEX. GOV'T CODE ANN. § 25.0592(a) (West Supp. 2013). If a specific statutory provision confers jurisdiction, the specific provision controls over the general limitation of section 26.043. *Thielemann v. Kethan*, 371 S.W.3d 286, 292 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (citing TEX. GOV'T CODE ANN. § 25.0001(a) (West 2004)).

In *Schuld v. Dembrinski*, 12 S.W.3d 485, 489 (Tex. App.—Dallas 2000, no pet.), this Court concluded, based on a review of the above statutes, that the Dallas County courts at law had jurisdiction over partition suits, given their concurrent jurisdiction with the district courts. Thus, this Court in effect concluded that the specific grant of jurisdiction contained in section 25.0592 impacted jurisdiction as it related to both the types of case and amount in controversy. Appellant does not dispute that suits for enforcement of liens fall within the jurisdiction of district courts. Because the Dallas County courts at law have concurrent jurisdiction with the district courts, we conclude the limitations contained in section 26.043 do not apply them. *See Santana*, No. 03-05-00452-CV, 2007 WL 2330714, at \*2–3 (concluding civil jurisdiction of statutory county courts at law in Travis County is concurrent with district courts and rejecting argument that section 26.043(1) deprived county court at law of subject matter jurisdiction in defamation case); *Clute Apartments 1 Ltd. v. Lorson*, No. 01-09-00514-CV, 2010 WL 5186913, at \*4 (Tex. App.—Houston [1st Dist.] Dec. 23, 2010, no pet.) (mem. op.) (concluding both

general and specific grants of jurisdiction to statutory county courts at law in Brazoria County conferred jurisdiction on court to hear enforcement of lien case, and section 26.043(2) did not restrict court's jurisdiction). Accordingly, the trial court had jurisdiction over the lien removal claim.

Appellant next asserts there are no pleadings to support removal of a constitutional lien because appellee's counterclaim only sought removal of the lien for failing to follow statutory procedures. Within this issue, appellant has not provided any citations to the record or any legal authority. Bare assertions of error without citations to the record or authority are insufficient to preserve error for our review. *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.). Regardless, in addition to the allegations regarding statutory procedures, appellee's petition alleged the lien "was filed for work in which [appellant] was not authorized to perform." We conclude this allegation was sufficient to put appellant on notice that it sought removal of an invalid lien, whether statutory or constitutional. *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007) ("Texas follows a 'fair notice' standard for pleading, in which courts assess sufficiency of pleadings by determining whether opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy.").

Finally, appellant argues the lien removal claim was fully adjudicated in a summary proceeding before trial and was therefore no longer pending at the time of trial. Appellant does not explain how it reached this conclusion. The record shows the trial court denied appellee's summary motion, filed under section 53.160 of the property code, alleging technical violations of chapter 53. By denying the motion, the trial court at most determined only those issues relating to statutory noncompliance and not the validity of the underlying debt on which the lien was based. Consequently, the lien removal claim was ripe for trial. We overrule the third issue.

In its fourth issue, appellant argues the trial court erred in awarding attorney's fees because (1) there is no legal basis for the award, (2) appellee failed to segregate its fees, and (3) there is no evidence to support the award of appellate attorney's fees.

Attorney's fees may not be recovered unless provided for by statute or by contract between the parties. *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex. 1992). The availability of attorney's fees under a particular statute is a question of law for the court. *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999).

In its prayer for relief, appellee sought attorney's fees under both section 38.001 of the Texas Civil Practice and Remedies Code for breach of contract and under section 53.156 of the Texas Property Code for declaring the lien invalid. Appellee has conceded the issue related to its breach of contract claim; thus, the only basis for the award of attorney's fees is section 53.156. Appellant asserts it claimed a constitutional lien on the property, and section 53.156 cannot provide the basis for the removal of a constitutional lien.

Section 53.156 of the property code authorizes the trial court to award costs and reasonable attorney's fees "as are equitable and just" in "any proceeding to declare that any lien or claim is invalid or unenforceable in whole or in part[.]" TEX. PROP. CODE ANN. § 53.156 (West Supp. 2013).

Article 16, section 37 of the Texas Constitution and chapter 53 of the property code both provide a legal basis for a mechanic's lien. TEX. CONST. art. XVI, § 37 (West 1993); TEX. PROP. CODE ANN. ch. 53 (West 2007 & Supp. 2013). A statutory lien exists through compliance with applicable statutes, while a constitutional lien arises by virtue of the constitution without the aid of the statutes. *Apex Fin. Corp. v. Brown*, 7 S.W.3d 820, 831 (Tex. App.—Texarkana 1999, no pet.) (citing *Strang v. Pray*, 89 Tex. 525, 35 S.W. 1054 (1896). Constitutional mechanic's liens are self-executing as between the original contractor and the owner. *Id.*

Although appellant claimed a self-executing constitutional lien as the original contractor, it also filed a mechanic's affidavit of lien under chapter 53 in the Denton County Clerk's Office. The trial court's judgment ordered "the Denton County Clerk, Denton County Records Department, Deed and/or Record Department and/or the appropriate government authority responsible for removal or action on such lien" to "take all actions necessary to immediately remove, abrogate and/or nullify such lien filed by [appellant] . . . ." Consequently, we conclude appellee was entitled to recover attorney's fees under section 53.156 for removal of the lien.

Appellant next asserts "[t]here was no segregation of [a]ppellee's attorney's fees" from recoverable and nonrecoverable claims.

Appellee alleged counterclaims for breach of contract, removal of the lien, conversion, and negligence and successfully alleged the affirmative defense of accord and satisfaction to appellant's breach of contract claim. At trial, appellee's counsel testified on attorney's fees. He related his experience and the experience of other lawyers who worked on the case as well as his familiarity with the customary charges in Dallas County for the kind of work at issue here. Through trial, 62.59 hours had been expended. Counsel testified he reduced his regular billable rate from $250 an hour to $175 an hour for this case, and opined $10,966.55 was a reasonable and necessary amount of attorney's fees. He represented that all of the time was "certainly attributed to having defend" whether there was a valid debt with regard to the lien. He further testified that "whether it's the breach of contract claims or claims involving the Texas Property Code, perhaps we would have a reduction of maybe two or $300 and everything else would be appropriate." He then asserted that even if he "were to go through and somehow delineate all of the work and ascribe it to the property code or a breach of contract, it would be my professional opinion that [for] the work done in this case[,] $15,000 would be a reasonable and necessary

attorney's fees for having done all of that work." At the conclusion of counsel's testimony, appellant objected that counsel failed to properly segregate his fees.

A party who prevails on a cause of action for which fees are recoverable must prove the fees that were necessary for the litigation of that claim. "[A] prevailing party must segregate recoverable from unrecoverable attorney's fees in all cases." *Varner v. Cardenas,* 218 S.W.3d 68, 69 (Tex. 2007) (per curiam) (citing *Tony Gullo Motors I, LP v. Chapa,* 212 S.W.3d 299, 313 (Tex. 2006)). In *Tony Gullo,* the Texas Supreme Court "reestablished the rule that attorney's fees are recoverable only if necessary to recover on a contract or statutory claim allowing them, and eliminated the exception for fees incurred solely on separate but arguably intertwined claims." *Varner,* 218 S.W.3d at 69 (citing *Tony Gullo,* 212 S.W.3d at 313). The limited exception to the duty to segregate applies only "when discrete legal services advance both a recoverable and unrecoverable claim." *Tony Gullo,* 212 S.W.3d at 313–14. The party seeking fees bears the burden of demonstrating the exception applies. *Id.* at 314; *Moak v. Huff*, 04-11-00184-CV, 2012 WL 566140 (Tex. App.—San Antonio Feb. 15, 2012, no pet.) (mem. op.). "If any of the component tasks relate solely to a cause of action for which legal fees are not recoverable, the claimant must segregate the fees." *7979 Airport Garage, L.L.C. v. Dollar Rent A Car Sys., Inc.,* 245 S.W.3d 488, 509 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). Moreover, unrecoverable fees are not rendered recoverable simply because they are nominal. *Tony Gullo*, 212 S.W.3d at 313.

Here, counsel acknowledged at trial that a portion of his fees on unrecoverable claims could be segregated. That the amount may seem nominal when compared to the total requested is irrelevant as is appellee's suggestion that reducing his hourly rate somehow negates the need to segregate recoverable from nonrecoverable fees. Further, in its findings of fact and conclusions of law, the trial court determined that appellee was entitled to attorney's fees under

both chapter 38 of the Texas Civil Practice and Remedies Code, presumably for breach of contract, and section 53.160. On appeal, appellee has conceded error on its breach of contract claim; consequently, attorney's fees for that claim are no longer proper. Given all of these circumstances, we resolve this issue in appellant's favor.

Finally, appellant also challenges the award of appellate attorney's fees. An appellee is entitled to appellate attorney's fees only if the appellant is unsuccessful on appeal because the trial court would be penalizing a party for taking a successful appeal if the appealing party were liable for appellee's attorney's fees even though the appeal was successful. *Smith v. Smith*, 757 S.W.2d 422, 426 (Tex. App.—Dallas 1988, writ denied). Here, the appellate attorney's fees were conditioned on appellee prevailing on appeal. Appellant successfully appealed the award of $14,708.28 in actual damages and the award of unsegregated attorney's fees. In light of our disposition of the case, we conclude the trial court should reconsider the question of appropriate appellate attorney's fees.

In conclusion, we reverse that portion of the trial court's judgment awarding appellee $14,708.28 in actual damages on its counterclaim for breach of contract and render judgment that appellee take nothing on its breach of contract counterclaim. We reverse the trial court's judgment on attorney's fees–both trial, post-trial/pre-appeal, and appellate–and remand the cause to the trial court for a new trial on attorney's fees. We affirm the trial court's judgment in all other respects.

130614F.P05

/Molly Francis/
_____
MOLLY FRANCIS
JUSTICE

–12–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CONTEMPORARY CONTRACTORS, INC., Appellant

No. 05-13-00614-CV       V.

CENTERPOINT APT. LTD P/S, Appellee

On Appeal from the County Court at Law No. 2, Dallas County, Texas
Trial Court Cause No. 12-00159-B.
Opinion delivered by Justice Francis; Justices Bridges and Lang-Miers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part.

We **REVERSE** that portion of the trial court's judgment awarding appellee Centerpoint Apt. Ltd. P/S $14, 708.28 in damages and **RENDER** judgment that appellee take nothing on its breach of contract counterclaim.

Further, we **REVERSE** that portion of the trial court's judgment awarding appellee Centerpoint Apt. Ltd. P/S attorney's fees and **REMAND** the cause to the trial court for a new trial on attorney's fees.

In all other respects, the trial court's judgment is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered July 3, 2014